KATHLEEN FITZGERALD et al., Respondents, v. JACOB J. GREENBAUM, Appellant, and MAINTENANCE CO., INC., Respondent.—In an action by plaintiff wife to recover damages for personal injuries, and by her husband for expenses and loss of services, the plaintiff wife, upon entering an automatic elevator, tripped and fell, the elevator platform being at rest several inches above the level of the entrance hall floor. The action is against the owner of the building, and Maintenance Co., Inc., which inspected the elevator at intervals under a contract with the owner; and there is a cross complaint asserted by the owner against Maintenance Co., Inc. The jury returned verdicts in favor of both plaintiffs against both defendants, and in favor of Maintenance Co., Inc., against the owner on the cross complaint. The verdict in favor of plaintiffs against Maintenance Co., Inc., was set aside and the complaint as to that defendant was dismissed. The defendant owner appeals. Judgment, insofar as it is (1) in favor of plaintiffs and against the appellant, and (2) in favor of respondent Maintenance Co., Inc., and against the appellant on the cross complaint, unanimously affirmed, with costs. No opinion. The appeal from the judgment insofar as it dismisses plaintiffs' complaint against the respondent Maintenance Co., Inc., is dismissed, without costs, as nonappealable by the appellant. (*Ward* v. *Iroquois Gas Corp.,* 258 N. Y. 124.) Present— Lewis, P. J., Carswell, Adel, Aldrich and Nolan, JJ.

ROY GRANATA, as Administrator of Local 13, Industrial Union of Marine and Shipbuilding Workers of America, CIO, Appellant, v. IRA S. BUSHEY & SONS, INC., Respondent.— The petitioner appeals from a final order dismissing his petition to compel an employer to proceed to arbitration. Order reversed on the law and the facts, with costs, and the application to compel respondent to proceed to arbitration in accordance with the terms of the contract of August 9, 1944, granted. Under the circumstances disclosed, it was not duress for the employer to sign the collective bargaining contract under an alleged threat of seizure of its plant by the Government pursuant to law. (*Matter of J. K. Welding Co.* [*International Union of Marine & Shipbuilding Workers of America, Local 22*], 270 App. Div. 908.) It being conceded that arbitrations were had under the agreement between the parties until July 1, 1945, the employer was not at liberty to raise the question of the making of the contract to arbitrate. (*Matter of Pierce* v. *Brown Buick Co., Inc.,* 258 App. Div. 679, affd. 283 N. Y. 669.) The employer ratified the contract, affirmed its validity, and lost the right to avoid it by operating thereunder for fifteen months before attempting to repudiate it. (*Maisel* v. *Sigman,* 123 Misc. 714; *Wasserstein* v. *Beim,* 163 Misc. 160.) The other objections interposed by the employer have been examined. None of them has merit. Lewis, P. J., Hagarty, Johnston, Adel and Nolan, JJ., concur.