Glennon, J.
The individual defendants, doing business as Tracy Refrigeration Service, seek the dismissal of the complaint in this action on the ground that it does not state facts sufficient to constitute a cause of action as against them.
Plaintiffs are husband and wife, who at the time in question occupied an apartment in a multiple dwelling owned by the corporate defendant. They bring this action to recover damages for personal injuries sustained by plaintiff Adele Rosenbaum, and for the loss of services and medical expenses occasioned the husband when she was overcome by sulphur dioxide fumes escaping from the refrigerator located in their apartment.
The complaint alleges the appellants’ breach of a contract with the owner wherein they had agreed to maintain the refrigerator in question in good working condition. The liability of *168 appellants is predicated upon their alleged negligence in permitting the refrigerator to become and remain in a dangerous and defective condition and in failing to restore it to safe working order within a reasonable time after notice.
Negligent conduct becomes actionable only when it violates some specific duty owing to the person complaining (Palsgraf v. Long Island R. R. Co., 248 N. Y. 339; Cohen v. Koster, 133 App. Div. 570). The failure to perform a contract obligation is never a tort unless it is also a violation of a legal duty (Rich v. New York Central & Hudson Riv. R. R. Co., 87 N. Y. 382). Where a person contracts to do certain work he is charged with the common-law duty of exercising reasonable care and skill in the performance of the work required to be done by the contract (Cox v. Mason, 89 App. Div. 219). It is the breach of the duty imposed by law and not of the contract obligation which constitutes the tort. While such duty may arise out of contract, it is a separate and distinct undertaking so that a breach of one will not necessarily imply a breach of the other, although the same conduct may at times constitute a tort as well as a breach of contract. In the absence of at least an attempt to perform the contract there can be no violation of the legal duty.
In the case at bar no privity of contract exists between plaintiffs and appellants and the latter’s alleged breach of their contract with the owner did not violate any duty owing to plaintiffs (Fitzgerald v. Greenbaum, 56 N. Y. S. 2d 262, affd. 270 App. Div. 1026). The duty of reasonable care in the performance of a contract is not always owed solely to the person with whom the contract is made or those claiming through him. It may inure to the benefit of others (Doyle v. Chatham & Phenix Nat. Bank, 253 N. Y. 369; McGlone v. Angus, Inc., 248 N. Y. 197; International Products Co. v. Erie R. R. Co., 244 N. Y. 331; Rosebrock v. General Elec. Co., 236 N. Y. 227; Glanzer v. Shepard, 233 N. Y. 236; MacPherson v. Buick Motor Co., 217 N. Y. 382). By virtue of the nature of the contract between appellants and the owner, the legal duty of reasonably careful and skillful performance imposed upon appellants inured to the benefit of plaintiffs. Had appellants failed to comply with those requirements they might be held answerable to plaintiffs for any damages resulting to them from such a breach of duty (Beinhocker v. Barnes Development Corp., 296 N. Y. 925). Plaintiffs’ claim however is based upon a complete failure of performance of the contract obligation and not negligent performance. They seek to transform a mere breach of contract *169 into actionable negligence which, as we have seen, may not be done even where privity of contract exists.
The order appealed from should therefore be reversed, with $20 costs and disbursements to the appellants and their motion to dismiss the complaint granted, with costs.
Peck, P. J., Callahan, Van Voorhis and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellants and the motion granted, with costs.