■ JOSEPH PERTOFSKY, Respondent, v. MURRAY DRUCKS, Appellant.— In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County, dated and entered November 8, 1961 after a jury trial, which granted plaintiff's motion to set aside the jury's verdict in defendant's favor on the ground that it was contrary to the weight of the evidence and contrary to law, and which directed a new trial. Order reversed, with costs, plaintiff's motion to set aside the verdict denied, verdict reinstated, and judgment directed to be entered dismissing the complaint on the merits. Plaintiff was a passenger in an automobile driven by defendant. The two parties are brothers-in-law. Defendant's wife was sitting in the front seat, between them. Plaintiff was the only one who testified as to how the accident happened. Neither the defendant nor his wife testified. Plaintiff's version was that the car was being driven on the left-hand lane of a highway, on a rainy afternoon, when it suddenly veered to the right as it approached an exit ramp which was on the right side of the road; that the speed of the car then was at a rate of more than 50 miles an hour; that the car bounced from parapet to parapet on both sides of the roadway; and that he (plaintiff) fell out of the car when the door on his side opened. Despite the fact that plaintiff's testimony constituted a prima facie showing of negligence on the part of defendant, and despite the fact that no evidence was offered on defendant's behalf as to how the accident occurred, the jury was not required to resolve the issue of negligence against the defendant (*Foltis, Inc.,* v. *City of New York,* 287 N. Y. 108; *Lo Piccolo* v. *Knight of Rest Prods. Corp.,* 7 A D 2d 369, 374, affd. 9 N Y 2d 662). If a jury's verdict is in defendant's favor, a motion to set such verdict aside as contrary to the weight of the evidence stands on a different footing than a motion to set aside a jury's verdict in plaintiff's favor. When the motion is by the plaintiff to set aside a verdict in favor of defendant, the motion should not be granted unless the evidence preponderated so greatly in plaintiff's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence (*Olsen* v. *Chase Manhattan Bank,* 10 A D 2d 539, 544, affd. 9 N Y 2d 829; *Areson* v. *Hempstead Bus Corp.,* 14 A D 2d 790; *Musumeci* v. *Pillsbury Mills,* 12 A D 2d 941; *Holpp* v. *Carafa,* 8 A D 2d 617). The credibility of an interested witness, and the truthfulness and accuracy of his testimony, whether contradicted or not, are matters exclusively for the jury, the triers of the facts (*Lee* v. *City Brewing Corp.,* 279 N. Y. 380, 384; *Piwowarski* v. *Cornwell,* 273 N. Y. 226; *Mercatante* v. *City of New York,* 286 App. Div. 265, 268). In view of these principles, we believe the trial court here erred in granting plaintiff's motion to set aside the jury's verdict in defendant's favor (cf. *Delano* v. *Duhart,* 14 A D 2d 739). Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.