■ HERMAN KRESS, Individually and as Guardian ad Litem of RENNEE KRESS, an Infant, Appellant, v. MILTON SIEGEL, Individually and as Guardian ad Litem of CAROLE SIEGEL, an Infant, Respondent.— In an action to recover damages for personal injuries, medical expenses and loss of services, plaintiff appeals: (1) from a judgment of the Supreme Court, Westchester County, entered July 6, 1961 on a jury's verdict in favor of defendants, after trial;

(2) from an order denying plaintiff's motion for a directed verdict in his favor; and (3) from an order denying his motion to set aside the verdict as against the weight of the evidence and for a new trial. Judgment reversed, on the law and the facts, and a new trial ordered, with costs to plaintiff to abide the event. It is undisputed that the infant plaintiff was injured while she was a passenger in an automobile, owned by defendant Milton Siegel and operated by his daughter, the infant defendant Carole Siegel; and that the accident occurred while Carole was reaching for a cigarette lighter, causing her to lose control of the automobile and resulting in the automobile going off the road and colliding with a telephone pole. In view of these undisputed facts, it is our opinion that the verdict in defendants' favor was against the weight of the credible evidence. Appeal from the trial court's rulings (incorrectly designated as "orders" in the notice of appeal), dismissed, without costs. Such rulings have been reviewed on the appeal from the judgment. In any event, no orders are printed in the record. In the absence of a formal order, a separate appeal does not lie from the denial of a motion to set aside a verdict (*McVay* v. *Board of Educ. of City of N. Y.*, 10 A D 2d 705; Civ. Prac. Act, § 549); and, whether or not a formal order has been entered, a separate appeal does not lie from the denial of a motion for a directed verdict made after rendition of the verdict (*Waters* v. *Collins*, 5 A D 2d 358, 362; 9 Carmody-Wait, New York Practice, pp. 508–509; see *Le Glaire* v. *New York Life Ins. Co.*, 5 A D 2d 171). Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.