■ JOAN DOYLE, Appellant-Respondent, et al., Plaintiff, v. FRANK ALEXANDER et al., Respondents-Appellants.— In a negligence action to recover damages for personal injury sustained by plaintiff Joan Doyle in an automobile accident, the parties cross-appeal as follows from: (a) a judgment of the Supreme Court, Nassau County, entered May 23, 1960 after trial upon a jury's verdict in said plaintiff's favor against the defendant Alexander; and (b) an order of said court, entered May 8, 1959, which *inter alia* set aside the verdict insofar as it was in said plaintiff's favor against the defendants Sanzone and Sperry Corporation and granted a new trial as to such defendants: (1) Plaintiff Joan Doyle appeals: (a) from so much of the judgment as purportedly set aside the verdict against the defendants Sanzone and Sperry; and (b) from so much of the order as set aside the verdict in favor of said plaintiff and against the said two defendants; granted a new trial as between said parties; and severed the action as between said parties from the action as between the said plaintiff and defendant Alexander. (2) Defendant Alexander appeals: (a) from the whole of the judgment, which is in favor of plaintiff Joan Doyle and against him in the sum of $107,741.83; and (b) from so much of the order

as set aside the verdict in favor of said plaintiff and against the defendants Sanzone and Sperry; granted a new trial as between said parties; and severed the action between them from the action between said plaintiff and defendant Alexander. (3) Defendants Sanzone and Sperry appeal from so much of the order as denied their motions to dismiss the complaint and for a directed verdict in their favor. On plaintiff Joan Doyle's appeal: Order, insofar as appealed from by her, affirmed, without costs; her appeal from the judgment is dismissed, without costs, on the ground that she is not a party aggrieved thereby (Civ. Prac. Act, § 557). On defendant Alexander's appeal: Judgment affirmed, without costs; his appeal from the order is dismissed, without costs (*Ward* v. *Iroquois Gas Corp.*, 258 N. Y. 124; *Farrington* v. *4 to 12 Water St. Bklyn.*, 269 App. Div. 903; *Fitzgerald* v. *Greenbaum*, 270 App. Div. 1026). On the appeal by the defendants Sanzone and Sperry from the order: Appeal dismissed, without costs. The part of the order appealed from by said defendants represents rulings made in the course of trial and is not appealable (*Scognamiglio* v. *Consolidated Edison Co. of New York*, 6 A D 2d 722; *Flynn* v. *Board of Educ. of City of New York*, 270 App. Div. 855; *Jackman* v. *Hasbrouck*, 168 App. Div. 256). However, these rulings have been reviewed in connection with the plaintiff Joan Doyle's appeal from said order. Kleinfeld, Christ, Brennan and Rabin, JJ., concur; Beldock, P. J., concurs, except that he dissents from the dismissal of the appeal by defendants Sanzone and Sperry from the order, and votes to affirm the order insofar as appealed from by said defendants, with the following memorandum: After rendition of the verdict, the defendants Sanzone and Sperry moved: (1) to set aside the verdict and for judgment in accordance with their motion for a directed verdict or for dismissal of the complaint; and (2) for a new trial, as an alternative to the first motion. The first motion was denied; only the alternative relief of a new trial was granted. The statute (Civ. Prac. Act, § 457-a) expressly authorizes the making of the precise motion which was made and denied. Such denial affects a substantial right of the said defendants and, therefore, they are aggrieved parties and have the right to appeal. The denial was not a ruling made during the course of the trial, but rather a determination made after the trial was concluded. If the motions of these defendants had been denied completely, they could have appealed and asked for a dismissal of the complaint. Under such circumstances, it seems incongruous to hold that, because they were partially successful in obtaining a new trial, they may not appeal and seek a dismissal of the complaint.