SOPHIE ZERA, as Administratrix of the Estate of JOSEPH ZERA, Deceased, Appellant, v. CITY OF NEW YORK, Respondent, et al., Defendant.—

Concur — Eager, J. P., Steuer and Tilzer, JJ.; Capozzoli, J., dissents in the following dissenting memorandum: Capozzoli, J. (dissenting). The majority opinion states that the trial court, having heard the witnesses, was in a superior position to determine whether the verdict was in accord with the evidence. This overlooks the fact that the jurors also heard the witnesses and saw the exhibits and *they* are the sole judges of the facts in the case. Their verdict must stand unless it is clearly against the evidence .or contrary to law. The actual testimony in the record is short and to the point. According to the decedent's testimony at the Comptroller's hearing, which is part of the trial record, he was caused to fall because of a missing portion of the pavement, which left a hole in the sidewalk. He testified before the Comptroller as follows: " Q. Tell me what happened? A. All of a sudden my ankle went out from under me and I laid on it, sat on it, and I got terrific pains. I came down on my elbow and everything splattered all over the ground. Q. What caused you to fall? A. A hole fourteen or sixteen inches long. Q. How wide? A. About ten inches wide, maybe twelve. Q. How deep? A. Four inches." The photographs placed in evidence completely belie the claim that the defect was minimal or slight. On the contrary, they support plaintiff's case in that they show quite clearly that there was a large piece of concrete missing from the sidewalk, exposing the underlying dirt bed. If the actual dimensions which were given in the testimony of the plaintiff are not correct, why, then, were they not contradicted by the defendant? Was no investigation made of the plaintiff's case? If it was made, then why were not the witnesses called who could contradict the testimony of the plaintiff with reference to the dimensions of this hole? On the record before us the least that can be said in support of plaintiff's appeal is that a fair question of fact for the jury was presented. The jury, having found for the plaintiff, properly exercised its function and there should have been no interference with its decision. To substitute mere opinion on the part of the trial court, based on its interpretation of photographs, for a factual determination by the jury, was clearly error. " Only a jury is constitutionally endowed with the right to pass on conflicting evidences as well as the credibility of witnesses ". (*Swenson* v. *New York Albany Despatch Co.,* 309 N. Y. 497, 505.) For the reasons given above I dissent from the holding of the majority and, since the present record leaves nothing to be retried, I vote to reinstate the verdict of the jury in favor of plaintiff.