■ STEVE HEGYI, Appellant, v. FRANKLYN JONES, Respondent. (Action No. 1.) JOSEPH DI CAPUA, Appellant, v. FRANKLYN JONES, Respondent. (Action No. 2.) — Appeal (1) from a judgment of the Supreme Court in favor of appellant Hegyi, entered December 21, 1970 in Ulster County, upon a verdict of $437, and (2) from a judgment of said court in favor of appellant Di Capua, entered on said day upon a verdict of $224, both rendered at a Trial Term. On April 19, 1968 appellants were riding in a motor vehicle struck by one owned and operated by respondent, who conceded liability during trial. The only witnesses were appellants and a physician called on their behalf. The trial court did not err in refusing the request to charge that the jury should give the highest consideration to said physician's testimony (cf. *People ex rel. Third Ave. R. R. Co.* v. *State Board of Tax Comrs.*, 212 N. Y. 472, 485; *Ensign* v. *New York Life Ins. Co.*, 204 App. Div. 690, 692). Appellant Hegyi did not respond when a tropper at the scene of the accident asked if anyone was hurt, and appellant Di Capua received no first aid at said place and rejected a suggestion that he go directly to a doctor. Neither had any bruises, cuts or marks on his body when their doctor examined them a week after the accident. There is no proof of loss of attendance from the college appellants attended, and both worked in the electrical contracting business in the summers of 1968 and 1969. The substantial proof of injuries was subjective and issues of credibility were raised. Appellants' medical expert admitted that his treatment of a patient with subjective complaints can rise no higher than the credibility of the patient. It was up to the jury to assess the damages and, because of the subjectivity and credibility involved, we should not hold the verdicts inadequate (cf. *Murphy* v. *Sokal*, 38 A D 2d 869). Judgments affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Simons and Reynolds, JJ., concur.