■     JACK B. TANNENBAUM et al., Appellants, v IRVING MANDELL et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered July 22, 1975, in favor of defendants, upon a jury verdict, at a trial limited to the issue of liability only. Judgment affirmed, with costs. Notwithstanding plaintiffs' failure to object to the trial court's charge to the jury (see CPLR 4110-b) on contributory negligence, whether the plaintiff husband's actions in crossing the street constituted contributory negligence was an issue for the jury to determine. He testified that he walked some 15 feet from the sidewalk corner to the middle of the street, that he was in an unmarked crosswalk when contact occurred, that he looked to his right three or four times and saw nothing, and that his view was unobstructed. This testimony was properly a matter for the jury to consider on the issue of contributory negligence. Some of the pertinent and material facts were in sharp dispute, such as whether the sidewalk area and crosswalk were obstructed and whether there was a screeching of brakes prior to contact. Apparently the jury chose to believe the testimony offered by the defendant driver, who claimed that a vehicle parked at the curb obstructed his vision of the crosswalk area, causing the sudden confrontation of pedestrian and motorist (see *McPartland v Bitzen,* 42 AD2d 897). The objection to the trial court's charge of the doctrine of emergency was likewise without merit as the testimony of both parties reflects a sudden and unforeseen condition. Furthermore, the jury's finding "that both parties were negligent" is an indication that the doctrine of emergency was not a determining factor in the verdict. This court stated in *Pertofsky v Drucks* (16 AD2d 690): "If a jury's verdict is in defendant's favor, a motion to set such verdict aside as contrary to the weight of the evidence stands on a different footing than a motion to set aside a jury's verdict in plaintiff's favor. When the motion is by the plaintiff to set aside a verdict in favor of defendant, the motion should not be granted unless the evidence preponderated so greatly in plaintiff's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence". Accordingly, we affirm. Hopkins, Acting P. J., Martuscello, Margett, Christ and Shapiro, JJ., concur.