## Third Department, May, 1977

## (May 5, 1977)

■　Ruth E. Ellis, Respondent, v William J. Hoelzel, Appellant.—Appeal from an order of the Supreme Court, entered May 19, 1975 in Albany County, which granted plaintiff's motion, at a Trial Term, to set aside a jury verdict in favor of defendant and directed a new trial. The parties were involved in a two-car accident on November 20, 1970. Plaintiff testified that at about 8:40 A.M. of that day she was driving to work in an easterly direction along Route 157 when she stopped pursuant to the command of a stop sign at the intersection of Route 157 and Route 85 in the Town of New Scotland. While in that position, she stated, her vehicle was

struck in the rear by an automobile operated by the defendant and thereby caused to sustain back injuries. Defendant testified that at the time and place in question he observed plaintiff's stopped car, slowed his vehicle and brought his car to a stop two to three feet behind plaintiff's automobile. Defendant contended that while the vehicles were so positioned plaintiff backed her car into him. In granting plaintiff's motion to set aside the verdict (CPLR 4404), the Trial Judge commented that if the only evidence presented had been the conflicting testimony of the parties he would say "that the verdict of the jury was based on a fair resolution of the conflicting testimony". However, he went on, since plaintiff's doctor testified that the injury he found could only have been caused by a collision in which the vehicles were traveling at a considerable speed, and, further, since the cost of repairs to the rear of plaintiff's vehicle was $222.40, he was lead to the belief "that the jury's determination was against the weight of the evidence". While the standard of appellate review when analyzing a Trial Judge's decision to set aside a jury verdict is one of liberality in recognition of the fact that only the Judge below has had the opportunity to see, hear and weigh the testimony of the witnesses and, equally as important, an awareness that the independence of mind of the Trial Judge "is ingredient to the sound health of the judicial process" *(Micallef v Miehle Co.,* 39 NY2d 376, 381; *Zera v City of New York,* 35 AD2d 519; *Mann v Hunt,* 283 App Div 140, 141), such discretionary rulings, nevertheless, will be reversed when, as here, they unnecessarily interfere with the fact-finding function of the jury to a degree that amounts to an usurpation of the jury's duty. Herein, the Trial Judge in setting aside the verdict relied heavily upon the testimony of Dr. Quinn to the effect that if an automobile collision caused plaintiff's injuries, then one of the vehicles must have been traveling at "a reasonably high rate of speed", while ignoring that portion of the doctor's testimony that X rays of plaintiff were consistent with normal cervical structure and that plaintiff's symptoms could easily have developed in the absence of a car accident. Clearly, given the conflicting testimony of the parties and the testimony of Dr. Quinn made ambivalent by responses to hypothetical questions deliberately favorable to the party framing the inquiry, the credibility of the various witnesses had to be the determinative factor in resolving the dispute. Credibility is solely for the jury *(Sorokin v Food Fair Stores,* 51 AD2d 592, 593; *Pertofsky v Drucks,* 16 AD2d 690). Next, in the context of this case it was unreasonable for the Trial Judge to conclude that the evidence preponderated so heavily in plaintiff's favor that the jury could not have reached its verdict on any fair interpretation of the evidence *(McDowell v Di Pronio,* 52 AD2d 749, 750; *Szabo v Super Operating Corp.,* 51 AD2d 466). Order reversed, on the law, and verdict reinstated, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.