■ JAMES MORROW et al., Appellants, v JOHN F. BARR et al., Respondents.—Appeals from a judgment of the Supreme Court in favor of defendants, entered March 30, 1977 in Schenectady County, upon a verdict rendered at a Trial Term and from an order of said court, entered April 15, 1977, which denied plaintiffs' motion to set aside the verdict as being against the weight of evidence. This action arose out of an automobile accident which occurred on Saturday, July 28, 1973 at about 12:00 o'clock noon. Plaintiff Marcia Morrow, the operator of one of the vehicles, commenced an action for personal injuries and her husband, James Morrow, commenced a derivative action. At the conclusion of the proof the court ordered directed verdicts in favor of plaintiff driver on both the issue of negligence and the issue of contributory negligence. The case was thus submitted to the jury solely on the issue of damages. The jury returned a verdict of no cause of action in favor of defendants. This appeal ensued. Plaintiff driver testified that within an hour after the accident she started to experience pain in her left shoulder. She also testified to her subsequent medical treatment and continuing pain. Her husband supported much of her testimony. Her doctor testified that he found muscle spasm and diagnosed a "strain, severe bi-lateral cervical trapezius muscles" with a 15% permanent limitation of motion. Defendants' doctor found no permanency. He testified that X rays revealed a calcific deposit in plaintiff's left shoulder which pointed to an old injury and that all function appeared normal. The defendant driver testified that at no time did plaintiff complain of any injury and, in fact, replied in the negative when asked if she were hurt. The record also reveals that she did not go to a doctor until the Monday following the accident; that she resumed her work as a bus driver in the fall of 1973; and that she did not visit a doctor from October, 1973 to October, 1974. On the issue of damages the record presents questions of credibility which were solely for the jury and it implicitly resolved such questions in favor of defendants. Considering the record in its entirety, we are of the view that the jury could properly conclude that plaintiff sustained no injury as a result of this accident. We note that no claim was made for an aggravation of a pre-existing condition. Furthermore, we should not disturb the trial court's denial of the motion to set the verdict aside (Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 381; Zera v City of New York, 35 AD2d 519). The judgment and order should be affirmed (Ellis v Hoelzel, 57 AD2d 968; Hegyi v Jones, 40 AD2d 1053). Judgment and order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.