■ RONALD DURANTE et al., Respondents, v LOUIS FRISHLING, Appellant. — In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Kings County, dated June 13, 1980, which granted plaintiffs' motion to set aside the jury verdict in favor of defendant on the issue of liability and ordered a new trial. Order reversed, without costs or disbursements, plaintiffs' motion to set aside the verdict denied, verdict reinstated, and case remitted to Trial Term for entry of a judgment dismissing the complaint. The parties were involved in a two-car accident on a rainy night in September, 1975. Plaintiffs testified that they were in the right lane proceeding eastbound on the Belt Parkway when they were forced to stop because of a disabled vehicle. With their car's emergency flashers on, plaintiffs waited for an opportunity to pass the disabled vehicle. While stopped behind the disabled vehicle, plaintiffs' vehicle was struck in the rear by an automobile operated by defendant. Defendant contended that he was traveling in the center lane of the parkway and first saw plaintiffs' vehicle when it was about 100 feet from his vehicle. As he approached plaintiffs' automobile, a third vehicle veered sharply from the left lane into the center lane, thereby cutting him off. His immediate reaction was to brake and swerve to the right, whereupon his vehicle struck plaintiffs' vehicle. A Trial Judge's decision to set aside a verdict as contrary to the weight of the evidence should be viewed on appellate review with liberality in recognition of the fact that such a determination "involves what is in large part a discretionary balancing of many factors" (Cohen v Hallmark Cards, 45 NY2d 493, 499; Mann v Hunt, 283 App Div 140). However, rulings to set aside, while given discretionary weight, "will be reversed when, as here, they unnecessarily interfere with the fact-finding function of the jury to a degree that amounts to an usurpation of the jury's duty" (Ellis v Hoelzel, 57 AD2d 968, 969). On the record before us, defendant's testimony that an emergency existed causing him to swerve into the rear of plaintiffs' vehicle, was not so incredible that the jury could not have reached its conclusion on any fair interpretation of the evidence (see Pertofsky v Drucks, 16 AD2d 690). Hopkins, J. P., Titone, Lazer and Cohalan, JJ., concur.