■ MARIANNE McGLOIN, Respondent, v JOHN C. AUSTIN, Appellant. — In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Queens County (Morrison, J.), dated November 5, 1981, which granted plaintiff's motion to set aside the jury verdict in favor of defendant on the issue of liability and ordered a new trial. Order reversed, with costs, plaintiff's motion to set aside the jury verdict denied, verdict reinstated, and case remitted to the Supreme Court, Queens County, for entry of a judgment in favor of defendant. At approximately 2:00 A.M. on May 26, 1980 plaintiff's car struck a guardrail on the Northern State Parkway and came to rest in the left lane of the parkway. Moments later defendant, traveling in the lefthand lane, collided with plaintiff's car thus injuring plaintiff. At trial, plaintiff adduced evidence to the effect that prior to the accident she had been traveling north on the Sagtikos Parkway; that she had exited onto the Northern State Parkway heading west; and that upon entering Northern State Parkway her car pulled to the left causing her to cross two lanes and strike a guardrail. When the car came to rest across the left lane plaintiff exited and walked around to the passenger side, where she fainted in the arms of a man who had stopped his car on the eastbound side of the parkway and had come to assist plaintiff. A passenger in the plaintiff's car testified that the man lay plaintiff down on the roadway in front of the car, that at the time the car's headlights were on, that a man lit three flares behind the car, that the area was well lit and that defendant failed to brake or swerve before colliding with plaintiff's vehicle, pushing it on top of plaintiff. A witness for defendant testified that he entered the Northern State Parkway traveling westbound from the Sagtikos Parkway when he observed plaintiff's car stopped in the left-hand lane. He pulled his car onto the grass and was about to put out flares when he observed defendant's car approach plaintiff's car in the left-hand lane. The witness for the defendant further testified that when defendant was approximately 50 or 60 feet from plaintiff's car defendant applied the brakes, swerved towards the righthand lane and "clipped" plaintiff's car in the left rear fender. In addition, the witness testified that the area was "pitch black", that no flares were lit and that the lights on plaintiff's car were not on. Defendant himself testified that he was traveling at approximately 50-55 miles per hour and that he first saw plaintiff's car when he was approximately 50-60 feet away; he then applied his brakes, swerved to the right and hit plaintiff's left rear fender with his left front fender. Subsequent to the jury verdict in favor of defendant the trial court ordered a new trial on the basis that "the accident could not have occurred without some negligence on the part of the defendant". While "[a] Trial Judge's decision to set aside a verdict as contrary to the weight of the evidence should be viewed on appellate review with liberality in recognition of the fact that such a determination 'involves what is in large part a discretionary balancing of many factors' (*Cohen v Hallmark Cards,* 45 NY2d 493, 499; *Mann v Hunt,* 283 App Div 140) * * * rulings to set aside * * * 'will [nonetheless] be reversed when, as here, they unnecessarily interfere with the fact-finding function of the jury to a degree that amounts to an usurpation of the jury's duty' (*Ellis v Hoelzel,* 57 AD2d 968, 969)" (*Durante v Frishling,* 81 AD2d 631). In view of the testimony offered by the defendant and his witness, the jury could properly have found that defendant had acted reasonably when confronted with an emergency situation not of his own making. That being so, the court's determination to set

aside the verdict was an improper usurpation of the jury's function and the trial court's order must be reversed and the motion to set aside the verdict denied. O'Connor, J. P., Bracken, Niehoff and Boyers, JJ., concur.