■ VINCENT LAINO et al., Appellants, v JAMESWAY CORP. et al., Respondents. — Appeal (1) from a judgment of the Supreme Court in favor of plaintiffs, entered January 27, 1982 in Greene County, upon a verdict rendered at Trial Term (Cobb, J.), and (2) from an order of said court, entered January 27, 1982 in Greene County, which denied plaintiffs' motion to set aside the verdict as inadequate. This is a personal injury action wherein plaintiff Vincent Laino seeks to recover for alleged injuries sustained by him as the result of an accident which occurred on defendant Jamesway Corp.'s property. At the trial plaintiff offered medical proof that he was suffering from a degenerative disc disease and osteoarthritis which was asymptomatic prior to the accident in question and symptomatic thereafter. The doctor testifying on behalf of defendant stated that plaintiff was not suffering from neurological disease, herniated disc, root compression or neurological disability. He further stated that plaintiff's response concerning his inability to feel sensations during an administered tuning fork test were not truthful. The jury found plaintiff free from contributory negligence and only defendant Folz Vending, Inc., guilty of

negligence. The jury awarded plaintiff damages in the sum of $141.78 representing the hospital costs. They found no damages in the wife's derivative action. The court denied plaintiff's motion to set the verdict aside as insufficient. This appeal ensued. We are to affirm. The record presents questions of conflicting medical testimony and credibility which were for the jury to resolve. On this record, the jury could properly conclude that plaintiff sustained no injury and that $141.78 for the hospital bill was a diagnostic expense rather than an expense for treatment of an injury. Consequently, the court could appropriately deny the motion to set the verdict aside (see *Ellis v Hoelzel,* 57 AD2d 968). Judgment and order affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Levine, JJ., concur.