◼ BENJAMIN NAZITO, Respondent, v JONATHAN P. HOLTON, Appellant. — In a negligence action to recover damages for personal injuries and property damage, defendant appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), entered March 17, 1982, which granted plaintiff's motion to set aside a jury verdict in favor of defendant as against the weight of the evidence. Order reversed, on the law and the facts, without costs or disbursements, and verdict reinstated. A preliminary issue which must necessarily be resolved is whether the order setting aside the jury verdict and, in effect, granting a new trial is appealable. The question is whether or not this order represents a nonappealable trial ruling (see *Ryan v Public Serv. Mut. Ins. Co.,* 96 AD2d 552). The motion to set aside the verdict was made orally on the trial record. A written order embodying the trial court's ruling was subsequently signed and entered. However, there was no written motion. Nonetheless, we conclude that the order is appealable. There would be no question of its appealability were this case to be decided under the provisions of the former Civil Practice Act (see *Kress v Siegel,* 16 AD2d 978, 979; *Goldstein v Goldstein,* 212 App Div 470; cf. *Arnold v Yates,* 253 App Div 840). Section 549 of the Civil Practice Act explicitly allowed for an appeal in these circumstances. While CPLR 4404, the successor to section 549 of the Civil Practice Act, does not contain the same language as found in the former statute, we perceive nothing in the history of CPLR 4404 and 5701 which would indicate a legislative intent to make an order, such as is present here, nonappealable. It is noteworthy in this regard that, under CPLR 4404, a Judge may set aside a verdict and order a new trial on his own initiative, without any motion whatsoever. The order in this case stands on a different footing from the order in *Covell v H.R.H. Constr. Corp.* (24 AD2d 566, affd 17 NY2d 709). While the order in that case also embraced an oral motion brought under CPLR 4404, it involved that branch of CPLR 4404 which involves motions for judgment brought after a jury has failed to return a verdict. That part of CPLR 4404 has its roots in section 457-a of the Civil Practice Act, and our decision in *Covell* turns on the unique nature and history of section 457-a (see *Le Glaire v New York Life Ins. Co.,* 5 AD2d 171). Generally, motions which were brought pursuant to section 549 of the Civil Practice Act led to appealable orders, whereas orders under section 457-a were not appealable (*Doyle v Alexander,* 19 AD2d 533). Having concluded that the order in question is appealable, we turn to the merits. This litigation arose out of a collision between plaintiff's car and defendant's truck. Plaintiff was traveling east on Route 25 in the Town of Smithtown, Suffolk County; defendant was traveling northbound on Southern Boulevard. Defendant testified that he was stopped for two or three minutes at a stop sign on

Southern Boulevard at its intersection with Roule 25. Defendant said that the last time he looked to his left he saw plaintiff's car approximately 50 feet away traveling at about 25 miles per hour, half on the road and half on the shoulder with the right turn signal on. Defendant assumed the plaintiff would turn and proceeded into the intersection at which point the vehicles collided. Plaintiff denied signaling for a turn and said he was not driving on the shoulder. He testified that defendant rolled through the stop sign without coming to a full stop. A court may set aside a verdict which is "contrary to the weight of the evidence" (CPLR 4404, subd [a]). However, a court should not grant a motion to set aside a verdict in favor of a defendant unless " 'the jury could not have reached its conclusion on any fair interpretation of the evidence' " (*Tannenbaum v Mandell,* 51 AD2d 593, citing *Pertofsky v Drucks,* 16 AD2d 690). If a court grants a motion to set aside a verdict when the verdict could have fairly been reached, the court has usurped the jury's fact-finding duty and its order should be reversed (see *McGloin v Austin,* 89 AD2d 583; *Durante v Frishling,* 81 AD2d 631; *Ellis v Hoelzel,* 57 AD2d 968). In the instant action, the evidence, fairly interpreted, could have led the jury to conclude that plaintiff caused the accident by giving defendant the impression he intended to turn right before reaching defendant's truck. The trial court therefore usurped the jury's function, and its order must be reversed. Defendant was in the army when this case was tried, and the trial court properly determined that defense counsel had made diligent efforts to produce him (CPLR 3117, subd [a], par 3, cl [iv]). The trial court did not, therefore, commit reversible error by allowing defendant's attorney to read his deposition into evidence. Damiani, J. P., Gibbons, Thompson and Boyers, JJ., concur.