■ ADELL M. SABRE, as Administratrix of the Estate of THOMAS C. SABRE, Deceased, Plaintiff, v RUTLAND PLYWOOD CORPORATION, Defendant; RUSHMORE & WEBER, INC., Respondent, and CLARK EQUIPMENT COMPANY, Defendant and Third-Party Plaintiff. TUPPER LAKE VENEER CORPORATION, Third-Party Defendant-Appellant. — Kane, J. Appeal from that part of a judgment of the Supreme Court entered August 2, 1984 in Albany County, upon a verdict rendered at Trial Term (Cholakis, J.), which apportioned percentages of liability between defendant Rushmore & Weber, Inc., and third-party defendant Tupper Lake Veneer Corporation and granted defendant Rushmore & Weber, Inc., judgment over against third-party defendant Tupper Lake Veneer Corporation.

On August 3, 1977, at approximately 12:15 A.M., plaintiff's decedent, Thomas C. Sabre (hereinafter plaintiff) was killed when the forklift he was operating struck an overhead beam or truss and turned over upon him in third-party defendant Tupper Lake Veneer Corporation's (Tupper) plant in the Village of Tupper Lake, Franklin County. Tupper was plaintiff's employer. The accident occurred in the area of the Tupper plant called the "green vat area", where logs which had been debarked and cut would be deposited and thereafter picked up by a forklift, put onto a lathe deck and finally be cut into veneer. The forklift in question was manufactured by defendant Clark Equipment Company (Clark) and sold to Tupper by defendant Rushmore & Weber, Inc. (Rushmore). Rushmore also maintained and serviced this and all other forklifts used at the Tupper plant.

As administratrix of plaintiff's estate, Adell M. Sabre commenced the instant action against Rutland Plywood Corporation, Tupper's parent corporation, Rushmore and Clark. Clark brought a third-party action seeking indemnification from Tupper, as plaintiff's employer, in the event that plaintiff obtained a judgment against Clark, and Rushmore cross-claimed against

Tupper for indemnification and/or contribution in the event judgment was recovered against Rushmore.

At the trial of the action, testimony revealed that the roof of the Tupper plant is supported by a series of steel beams or trusses, the bottoms of which are approximately 10 feet from the plant floor. The truss closest to the lathe deck, where logs are deposited by forklift, was cut away by Tupper to allow forklifts to approach the deck with raised forks, deposit logs and back away while lowering the forks. Although testimony suggested that Tupper had ordered a forklift with a 106-inch maximum lifting capacity and that Rushmore had instead delivered the 130-inch model involved in the accident, other testimony revealed that even forklifts with a 106-inch reach had a guard which extended another 16 inches higher. Thus, either forklift could hit the trusses. Franka Bencze, the manager of Tupper, testified that Tupper management was well aware that their forklifts could come in contact with the trusses. In addition, evidence of a prior accident in the same area of the plant was introduced. Although this evidence indicated that a truss had been hit, no changes were made in the time between the prior accident and the instant accident (about 13 months) with respect to the trusses, nor were warning signs installed, nor fluorescent paint applied or other means employed to call attention to the danger, other than a verbal warning to employees who operated the forklifts.

It is undisputed that Rushmore personnel were inside Tupper's factory during periods of operation and never told Tupper to put any warning devices on the forklifts to the effect that the masts would be higher than the trusses when fully extended. There was, however, conflicting testimony as to whether it was customary and usual for service dealers in the forklift trade to warn or advise their customers regarding use of the forklifts or of dangerous conditions.

Following its charge, the trial court submitted written interrogatories to the jury. The jury found that Rushmore was negligent and the percentage of fault attributed to Rushmore was 1%. Tupper and plaintiff were also found negligent and their percentages of fault were 64% and 35%, respectively. Damages of $500,000 were awarded for pecuniary loss resulting from plaintiff's wrongful death, but no damage was found for plaintiff's conscious pain and suffering. The trial court denied Tupper's motion to set aside the verdict as against the weight of the evidence and as excessive. This appeal by Tupper ensued.

Tupper's initial argument is that the jury's verdict reflects a finding of no liability on Rushmore's part but that the determi-

nation was compromised by the jury in order to permit a recovery by plaintiff against Tupper. In this regard, Tupper attempts to explain by hypothesizing that where jurors are convinced that no liability exists on the part of the defendant, they surrender that conviction in return for a verdict permitting a substantial recovery by the plaintiff against the third-party defendant. Although this is an appealing argument given the rather unusual apportionment of liability, it must be rejected. Tupper's argument is pure speculation, assumes that the jury disregarded the charge it was given, understood the role of the Workers' Compensation Law and, moreover, without any basis, accuses the jury of attempting to subvert the bar to a direct claim by plaintiff against his employer.

Tupper next argues, in the alternative, that the allocation of 1% to Rushmore is against the weight of the evidence. This contention lacks merit (*see, Nazito v Holton,* 96 AD2d 550, 551; *Palermo v Gambitsky,* 92 AD2d 1005, 1006).

A review of the record reveals that, although the jury found a duty on Rushmore's part to warn and advise Tupper regarding conditions in its plant and the use of forklifts therein, and that Rushmore's breach of its duty was a proximate cause of plaintiff's injury, the jury was justified in its determination that Rushmore's responsibility was nominal. This is particularly true in light of Tupper's general knowledge and awareness of the danger occasioned by the constant use of forklifts in the area of the trusses.

We have reviewed plaintiff's contentions concerning the trial court's evidentiary rulings and charge to the jury, and find no reversible error.

Judgment affirmed, with costs to defendant Rushmore & Weber, Inc. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.