■ SALEH SALEH, Appellant, v SEARS, ROEBUCK AND Co. et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Lonschein, J.), entered July 31, 1984, which, after a jury trial, was in favor of the defendants.

Judgment affirmed, with costs.

This action arises out of an accident in which a panel truck owned by the defendant Sears, Roebuck and Co., and operated by its employee, the defendant Jose Adames, collided with the plaintiff's bicycle. On this record, we cannot conclude that " 'the evidence preponderated so greatly in [the] plaintiff's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence' " (Tannenbaum v Mandell, 51 AD2d 593, quoting from Pertofsky v Drucks, 16 AD2d 690; see, Cohen v Hallmark Cards, 45 NY2d 493). Nor can we say that, in this case, the defendants' negligence was established as a matter of law. Therefore, the trial court properly denied the plaintiff's motion to set aside the verdict as contrary to the weight of the credible evidence.

The plaintiff's assignment of error to the trial court's refusal to permit rebuttal testimony is without merit. The question of whether to permit the introduction of rebuttal evidence rests within the sound discretion of the trial court, and the court's decision in that regard should not ordinarily be disturbed on appeal absent a clear abuse of discretion (see, Feldsberg v Nitschke, 49 NY2d 636, 643, rearg denied 50 NY2d 1059; Richardson, Evidence § 459, at 449-450 [Prince 10th ed]; cf. People v Harris, 57 NY2d 335, 345, cert denied 460 US 1047). No such abuse of discretion infects the trial court's ruling in the instant matter, and we perceive no reason to substitute our discretion for that of the Trial Judge.

Nor can we accept the plaintiff's contention that the trial court committed reversible error when it stated, during its charge to the jury, that the plaintiff "wasn't looking, and he drove his bicycle into the truck". The alleged error was not preserved for review because no exception was taken to that portion of the charge (see, CPLR 4110-b). Although we are cognizant that under certain circumstances we may consider an error in the court's charge even though counsel failed to take timely exception or to request a clarifying charge (see, e.g., Ferreira v New York City Tr. Auth., 79 AD2d 596; Caceres v New York City Health & Hosps. Corp., 74 AD2d 619), no error of a fundamental character which could serve as the basis for the invocation of our interest of justice jurisdiction is evident upon the record before us. The trial court, at the time of the challenged remark, made clear that it was simply recounting the parties' contentions. The challenged portion of the charge was in no way an instruction as to the manner in which the jury should reach a determination of the parties'

negligence. Mangano, J. P., Gibbons, Thompson and Bracken, JJ., concur.