■ ALAN NIEWIEROSKI, Respondent, v NATIONAL CLEANING CONTRACTORS, Appellant.—Order, Supreme Court, New York County (Walter M. Schackman, J.), entered May 8, 1985, granting plaintiff's motion to set aside a jury verdict as against the weight of the evidence pursuant to CPLR 4404 (a) and ordering a new trial, unanimously reversed, on the law and on the facts, the verdict reinstated and the entry of judgment thereon directed in favor of defendant, without costs or disbursements.

On review of the record, we find that the Trial Justice erred in setting aside the verdict and ordering a new trial. In doing so, the court expressed its disagreement with the jury's verdict, pointing to the fact that "several clearly disinterested witnesses" for the plaintiff had testified as to the condition of the floor on which plaintiff slipped and the absence of any warning signs, in contrast to the one interested witness-employee of the defendant, who testified that there were "Caution Wet Floor" signs in place and, that, earlier in the evening, plaintiff had been verbally apprised of the condition of the floor. The fact that one party produced a greater number of witnesses is not dispositive in terms of the operative standard for setting aside a verdict as contrary to the weight of the evidence under CPLR 4404 (a).

While it has been recognized that the statutory standard is somewhat "elusive" and requires "a discretionary balancing of many factors" (Cohen v Hallmark Cards, 45 NY2d 493, 499; Nicastro v Park, 113 AD2d 129, 132-133), we held in Marton v McCasland (16 AD2d 781, 782): "It is settled that a jury verdict in favor of defendant may not be set aside unless it plainly appears that the evidence so preponderates in favor of the plaintiff that the verdict for the defendant could not have been reached on any fair interpretation of the evidence. (Areson v. Hempstead Bus Corp., 14 A D 2d 790; Musumeci v. Pillsbury Mills, 12 A D 2d 941, 942; Holpp v. Carafa, 8 A D 2d 617; Scheuerman v. Knapp Coal Co., 238 App. Div. 874, 875; Meyers v. Hines, 199 App. Div. 594, 595.)"

On a motion to set aside a verdict as contrary to the weight of the evidence, it is necessary to consider all of the proof adduced to determine whether the verdict fairly reflects the evidence in the case. In passing upon such a motion, the trial court must act with utmost care, according great deference to the fact-finding function of the jury. Thus, in Nicastro v Park (supra, p 133), the Appellate Division, Second Department, in referring to the need to proceed on such a motion with "considerable caution" since fact finding was the province of

the jury, not the trial court, observed that the operative standard did not permit the Trial Justice to "freely interfere with any verdict that is unsatisfactory or with which it disagrees."

In a thoughtful and well-reasoned opinion, Justice Presiding Lazer further observed (p 134):

"Analysis of the cases reveals that particular deference has traditionally been accorded to jury verdicts in favor of defendants in tort cases because the clash of factual contentions is often sharper and simpler in those matters and the jury need not find that a defendant has prevailed by a preponderance of the evidence but rather may simply conclude that the plaintiff has failed to meet the burden of proof requisite of establishing the defendant's culpability [citing cases].

"Thus, it has often been stated that a jury verdict in favor of a defendant should not be set aside unless 'the jury could not have reached the verdict on any fair interpretation of the evidence' (Delgado v Board of Educ., 65 AD2d 547, affd 48 NY2d 643; Tripoli v Tripoli, 83 AD2d 764, affd 56 NY2d 684; Tannenbaum v Mandell, 51 AD2d 593; Pertofsky v Drucks, supra [16 AD2d 690])."

Applying the "fair interpretation" standard here, we fail to perceive any basis for the trial court's vacating the jury verdict as contrary to the weight of the evidence. The record reflects a sharp conflict in the proof on the critical liability issue as to whether caution signs were in place at the time of the accident, clearly a factual matter peculiarly within the province of the jury to determine. On the one hand, plaintiff and his coemployee, Mary Cunningham, testified that they saw no signs anywhere to indicate that the floor was wet or slippery or that a dangerous condition existed. Although this was confirmed by Cunningham's friend, Richard Doheny, on direct examination, when he stated that he saw no warning signs, on cross-examination, he conceded that, if the sign were located beyond where plaintiff fell, there was a possibility he might have missed it. In contrast, defendant's supervisor, Louis Sanchez, testified that the "Caution Wet Floor" signs were usually placed in position before washing and waxing the floor and, on the day of the accident, there was one sign at the elevator bank and another at the end of the corridor on the door to the computer room.

Thus, this dispute as to the proof was for the jury to resolve in assessing all of the evidence as well as the credibility of the witnesses. The placement of warning signs, if any, at the

accident site was a prime factor on the issue of liability and the jury was carefully instructed by an experienced Trial Justice. However, in setting aside the ensuing verdict and directing a new trial, the court usurped the jury's role.

Accordingly, we reverse the order appealed from, reinstate the verdict and remit the action to Trial Term for entry of an appropriate judgment. Concur—Kupferman, J. P., Ross, Carro and Kassal, JJ.