■ STEPHEN BREITSTONE, Respondent, et al., Plaintiff, v HERTZ CORPORATION et al., Appellants.—Order, Supreme Court, New York County (Martin Stecher, J.), entered on or about May 24, 1991, as resettled by the order of the same court entered on or about August 27, 1991, which, *inter alia,* granted plaintiff's motion to set aside the jury verdict of $135,000 and ordered a new trial unless defendants stipulated to damages in the amount of $400,000, unanimously affirmed, for the reasons stated by Stecher, J., with costs.

We also note that the record does not support defendants' contention that the court treated the settlement offer as a major factor, let alone the "sole criterion", in setting aside the verdict. Nor have defendants shown that the court merely substituted its judgment for that of the jury, or that it ignored the mandate that a jury verdict not be set aside unless it could not have been reached on any fair interpretation of the evidence *(see, Niewieroski v National Cleaning Contrs.,* 126 AD2d 424, *lv denied* 70 NY2d 602). While the jury was free, as defendants contend, to reject the testimony of plaintiff, and his expert, their testimony was neither inherently implausible nor rebutted by defendants. Concur—Murphy, P. J., Sullivan, Milonas, Ellerin and Smith, JJ.