In the Matter of PAUL D. POWSNER an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 4, 1992

### APPEARANCES OF COUNSEL

*Naomi F. Simon* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Petitioner, the Departmental Disciplinary Committee for the First Judicial Department (DDC), moves for an order, pursuant to 22 NYCRR 603.4 (e) (l) (i) and (ii), suspending respondent from the practice of law forthwith, and until such time as disciplinary matters pending before the DDC have been concluded.

Respondent, Paul D. Powsner, was admitted to the practice of law by the Appellate Division, Second Judicial Department, on December 19, 1951. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

Respondent has executed an affidavit of judgment by confession in favor of the complainant, I. Reiss & Son, in the amount of $1,359,504.15, which includes admissions that he converted that amount from the complainant in connection with two real estate transactions in 1990. Respondent has not answered the DDC's requests for a response to the complaint, and he has not responded to the instant motion seeking his immediate suspension.

The DDC contends, and we agree, that respondent's admissions under oath that he has committed serious acts of professional misconduct require immediate intervention by this court in the form of an order prohibiting him from practicing law pending resolution of the disciplinary proceeding now pending against him (*Matter of Pins*, 169 AD2d 166). Accordingly, petitioner's motion should be granted, and respondent suspended from the practice of law forthwith, and until such time as the disciplinary matter before the DDC has been concluded, and until further order of this court.

SULLIVAN, J. P., CARRO, MILONAS, ASCH and RUBIN, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York forthwith and until such time as the complaints against him have been finally disposed of and until the further order of this court.