■ BOARD OF MANAGERS OF THE RIVERVIEW AT COLLEGE POINT CONDOMINIUM III et al., Appellants, v SCHORR BROTHERS DEVELOPMENT CORP. et al., Defendants, and VANGUARD PLUMBING & HEATING CORP., et al., Respondents. (And a Third-Party Action.)—In an action, *inter alia,* to recover damages for breach of contract and for negligence, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rutledge, J.), dated July 9, 1990, as granted those branches of the motion of the defendants-respondents Vanguard Plumbing & Heating Corp. and Thomas Verdiglione which were (1) for summary judgment dismissing the amended complaint insofar as it is asserted against them, and (2) for summary judgment dismissing cross claims against them.

Ordered that the appeal from so much of the order as granted that branch of the motion which was for summary judgment dismissing the cross claims asserted against the defendants-respondents is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the defendants-respondents are awarded one bill of costs.

Pursuant to contracts between the individual plaintiffs (hereinafter the homeowners) or their predecessors in interest and the defendant Schorr Brothers Development Corp. (hereinafter Schorr Brothers), the homeowners or their predecessors in interest each purchased units in a condominium, the Riverview at College Point Condominium III, to be constructed by Schorr Brothers, the owner of the project. Schorr Brothers

entered into agreements with the codefendants, including the respondents, to design, plan, inspect, and construct the condominium.

Following the completion of the project and the occupation by the homeowners of their individual units, the homeowners and the Board of Managers of the Riverview at College Point Condominium III (hereinafter the Board of Managers) brought this action against the defendants alleging in their complaint causes of action sounding in negligence, breach of contract, and breach of express and implied warranties. The plaintiffs asserted that they were third-party beneficiaries of the contracts between Schorr Brothers and the respondents.

Subsequently, the respondents moved for summary judgment dismissing the complaint insofar as it is asserted against them and the cross claims for contribution and indemnification brought by codefendants against them. The court granted the motion. On appeal, we reject the plaintiffs' contention that triable issues of fact exist regarding whether they are third-party beneficiaries of the contract between Schorr Brothers and the respondents.

It is settled that a third party may sue as a beneficiary on a contract made for his benefit (*Lawrence v Fox,* 20 NY 268; 17A CJS, Contracts, § 519 [3]; 10 NY Jur, Contracts, § 237). However, "[g]enerally it has been held that the ordinary construction contract—i.e., one which does not expressly state that the intention of the contracting parties is to benefit a third party —does not give third parties who contract with the promisee the right to enforce the latter's contract with another. Such third parties are generally considered mere incidental beneficiaries" (*Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 653, 656).

We find that the evidentiary proof presented by the respondents established a prima facie case, shifting the burden to the plaintiffs to demonstrate triable issues of fact regarding whether the plaintiffs were third-party beneficiaries (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320). However, the plaintiffs have failed to meet this burden. Accordingly, the court properly dismissed the causes of action sounding in breach of contract and breach of expressed and implied warranties as against the respondents.

The plaintiffs' contention that the court erred in dismissing its cause of action sounding in negligence is also without merit. "[A] simple breach of contract is not to be considered a tort unless a legal duty independent of the contract has been

violated * * * This legal duty must spring from circumstances extraneous to, and not constituting elements of the contract, although it may be connected therewith and dependent upon the contract" *(Clarke-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389). We find that the plaintiffs have failed to establish that a legal duty of care was owed to them independent of the contractual duty allegedly arising from the agreement between the respondents and Schorr Brothers.

The plaintiffs were not aggrieved by the dismissal of the cross claims brought against the respondents by the codefendants (CPLR 5511; *see also, Sikora v Keillor,* 17 AD2d 6, *affd* 13 NY2d 610). Thus, the appeal from so much of the order as dismissed the cross claims is dismissed *(see, Doyle v Alexander,* 19 AD2d 533).

We have considered the remaining contentions of the plaintiffs and find them to be without merit. Bracken, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.