■ MARIA PENA, as Preliminary Executrix of EXPEDITO ARAGONES, Deceased, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—Order, Supreme Court, Bronx County (Herbert Shapiro, J.), entered on or about August 10, 1989, which set aside a jury verdict assessing defendant 100 percent liable and directed a new trial, is affirmed, without costs.

In this personal injury action, plaintiff's decedent, Expedito Aragones, who died in 1989 of unrelated causes, fell between two cars of a moving subway train on May 3, 1984, and sustained injuries that necessitated the amputation of three fingers on his left hand. Following a bifurcated trial in which the jury determined solely the issue of liability, a verdict of 100 percent liability was returned against defendant, the New York City Transit Authority. Plaintiff appeals from an order of the trial court setting aside the verdict pursuant to CPLR 4404 (a), as against the weight of the evidence, and directing a new trial. We affirm.

A motion to set aside the verdict as contrary to the weight of the evidence requires a determination that "the jury could not have reached its verdict on any fair interpretation of the evidence" *(Delgado v Board of Educ.,* 65 AD2d 547, *affd* 48 NY2d 643). A trial court's grant of such relief is a discretionary act requiring the balancing of many factors *(Cohen v Hallmark Cards,* 45 NY2d 493, 499) and, as noted by Justice Lazer in *Nicastro v Park* (113 AD2d 129, 137), must be "view[ed on appeal] with liberality * * * not only because the trial court is in the best position to properly assess the evidence presented at trial, but also because judicial independence of mind in making that determination is an essential 'ingredient to the sound health of the judicial process' [citations omitted]". This discretionary power must, however, be exercised with a great deal of caution, and may not be employed simply because the trial court disagrees with the verdict, as this would "unnecessarily interfere with the fact-finding function of the jury to a degree that amounts to an usurpation of the jury's duty" *(Ellis v Hoelzel,* 57 AD2d 968, 969).

With these principles in mind, we have reviewed the record before us, and conclude that there was no abuse of discretion in the trial court's setting aside of the verdict. Although, as noted by our dissenting colleague, this case presents conflicting testimony, and therefore involves the credibility of witnesses, great respect should be accorded to the trial court's exercise of discretion by a reviewing court, in light of the trial court's opportunity to hear and see the witnesses testify, as well as to observe courtroom events that may affect the jury's evaluation of the evidence *(Nicastro v Park, supra,* at 137; *see,* Siegel, NY Prac § 406; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4404.06). Concur—Sullivan, J. P., Wallach and Kassal, JJ.

Carro and Rubin, JJ., dissent in a memorandum by Rubin, J., as follows: In my view, the outcome of this case turns

entirely on the credibility to be accorded to the witnesses. The account of the accident given by plaintiff's decedent differs markedly from that given by Wilson Valentin. Plaintiff's decedent's statement that he boarded the train at 183rd Street and remained on the train at the Bedford Park station is irreconcilable with Valentin's testimony that he fleetingly glimpsed a man, whom he subsequently identified as decedent, pass him on the stairs, run towards the train and attempt to board between cars. The question of whether Valentin was correct in his observations is entirely for the jury to resolve.

The credibility of witnesses and resolution of conflicting testimony are matters for determination by the jury *(Swensson v New York, Albany Desp. Co.,* 309 NY 497, 505; *Niewieroski v National Cleaning Contrs.,* 126 AD2d 424, 425, *lv denied* 70 NY2d 602).* Likewise, the weight to be accorded to the conflicting testimony of expert witnesses is for the jury *(Sternemann v Langs,* 93 AD2d 819).* While the parties' respective experts disagreed over the hazards presented by the design of the storm doors and safety chains between cars, defendant's own expert acknowledged that falls between subway cars are the greatest cause of injury in the transit system and result in more deaths than any other type of accident.

Nor is plaintiff's version of events implausible. Defendant's expert testified that, on a curve to the left as encountered leaving the Bedford Park station proceeding northbound, the gap between cars on the right side of the platforms can measure as much as 21 inches. Wilson Valentin testified to hearing a "crash" as the train pulled out of the station and to experiencing sudden jerks "[o]nce or twice" during the course of his train ride that evening. Plaintiff's decedent testified that the door next to where he was standing was opened by another passenger and remained latched in an open position just prior to the accident. The jury was free to credit the testimony of plaintiff's expert witness that this design is hazardous, especially in light of the ease with which the safety chains between cars may be removed.

Accordingly, there is ample basis to conclude that the jury's resolution of the factual issues was "a fair reflection of the evidence" *(Nicastro v Park,* 113 AD2d 129, 135), and it was an abuse of discretion to set aside the verdict as against the weight of the evidence *(supra).*