■ GRACIE GARDENS OWNERS CORP., Respondent-Appellant, v GRACIE GARDENS Co., Appellant-Respondent. [605 NYS2d 49] —Order, Supreme Court, New York County (John Doyle, J.), entered August 28, 1992, which set aside a jury verdict in favor of defendant against plaintiff and ordered a new trial on the 1st, 3rd and 4th causes of action, unanimously affirmed, with costs.

On an earlier appeal (161 AD2d 334), we determined, *inter alia,* that a material question of fact existed concerning whether defendant Gracie Gardens Co. ("GGC") required prepayment in January 1986 or early 1986 as a condition for a 15% discount on a $6 million mortgage held by GGC on plaintiff cooperative's buildings.

Review of the instant record impels the conclusion that the trial court properly exercised its discretionary power to set aside the verdict and direct a new trial based upon newly discovered evidence (CPLR 4404, 5015; *Trapp v American Trading & Prod. Corp.,* 66 AD2d 515). Prior to the June 1991 trial and during trial, Paul Powsner, an attorney who had been involved in the negotiations concerning the prepayment discount on behalf of GGC maintained that the deal was conditioned on prepayment in January 1986. Although this witness had earlier confessed to embezzling over $1 million from another business controlled by GGC's officer, Arthur Reiss, Reiss concealed the confession until after completion of trial and entry of judgment in GGC's favor. Despite Reiss' knowledge of Powsner's actions, Reiss testified at the instant trial, which basically turned on the credibility of Powsner, concerning the honesty and integrity of Powsner. Subsequently, plaintiff learned of Powsner's suspension from the practice of law on February 4, 1992 due to his embezzlement of funds from Reiss' business, and from Reiss *(see, Matter of Powsner,* 174 AD2d 125), and from April 1992 deposition testimony in an unrelated matter, plaintiff learned that Reiss acknowledged awareness of Powsner's theft as early as February 1991 and professed that as of that point in time he no longer viewed Powsner to be an "honest person", contrary to instant trial testimony.

Under these circumstances, the court, which had the opportunity to hear and see the witnesses testify, as well as observe courtroom events that affected the jury's evaluation of the evidence *(see, Pena v New York City Tr. Auth.,* 185 AD2d 794, 795), properly reached the conclusion that the jury's verdict was so infected by the concealment of Powsner's criminal activities that a new trial in the interest of justice was warranted *(see, Trapp v American Trading & Prod. Corp., supra).*

We have considered the remaining claims of the parties and find them to be without merit. Concur—Murphy, P. J., Sullivan, Ross and Asch, JJ.