ALFREDO RODRIGUEZ, Respondent, v. JOE ROBERT, Respondent, and ROSALIE HOFFMAN, Appellant.— In a negligence action to recover damages for personal injuries, defendant Hoffman appeals from an interlocutory judgment of the Supreme Court, Kings County, entered June 5, 1974, in favor of plaintiff against defendants on the issue of liability only, upon a directed verdict. Judgment reversed, on the law and in the exercise of discretion, and new trial granted, with costs to abide the event. The trial court erred in holding that the pretrial order of Mr. Justice Samansky, dated November 12, 1973, did not permit the amendment of defendant Hoffman's answer so as to deny that the vehicle in question was being used without her permission and consent. Although the notice of motion which resulted in that order requested only limited relief, the supporting affidavit requested that the proposed amended answer annexed to the moving papers be permitted to stand as the answer for defendant Hoffman. Plaintiff clearly understood that the entire gist of the motion was to permit defendant Hoffman to deny permission and consent, and he opposed the granting of that specific relief. The order granted the motion "in all respects," thereby including the request for amendment of the answer. Even if this were not the case, plaintiff's counsel, by his own admission at the trial, thought the question of permission and consent was at issue. Since there was no question of surprise, defendant Hoffman's trial motion to amend the pleadings to conform to the proof should have been granted (CPLR 3025, subds. [b], [c]; *Dittmar Explosives* v. *A. E. Ottaviano, Inc.*, 20 N Y 2d 498, 502). There was additional error in granting judgment as a matter of law (CPLR 4401). Since plaintiff testified that the automobile which hit him was dark in color and defendant Hoffman testified to the contrary that her car was light blue faded almost white and was parked in the street in front of her house on the date of the occurrence, there was a substantial question of fact

for the jury as to whether the car which actually struck plaintiff was owned by defendant Hoffman. Furthermore, the general rule is that the question of whether a pedestrian exercised due care in crossing a street is ordinarily one for the jury (cf. *Hogeboom* v. *Protts*, 30 A D 2d 618, 620). Accordingly, a new trial against both defendants is necessary. Hopkins, Acting P. J., Martuscello, Brennan, Benjamin and Shapiro, JJ., concur.