■ CONCETTA DEMARCO et al., Respondents-Appellants, v SABATION FRUCCHIONE, Appellant-Respondent.—Cross appeals from an order of the Supreme Court, entered May 9, 1978 in Fulton County, which granted defendant's motion to set aside a jury verdict in favor of plaintiffs and directed a new trial. In this negligence action arising out of a rear-end collision between an automobile in which the plaintiff was a passenger and an automobile allegedly owned and driven by defendant, the jury returned a verdict in favor of plaintiffs. Defendant moved to set aside the verdict and dismiss the complaint upon the ground that plaintiffs had failed to elicit testimony directly identifying defendant as either the owner or driver of the vehicle which caused the accident. Following its review of the transcript of the testimony, the trial court granted defendant's motion in part by setting aside the verdict, but ordered a new trial. Both parties have appealed. We affirm. CPLR 4404 (subd [a]) authorizes the trial court to set aside a jury verdict and order a new trial in the interest of justice. This power is discretionary in nature, "predicated on the assumption that the Judge who presides at trial is in the best position to evaluate errors therein", and in exercising this power the court "must look to his own common sense, experience and sense of fairness rather than to precedents in arriving at a decision". *(Micallef v Miehle Co., Div. of Miehle-Goss Dexter,* 39 NY2d 376, 381.) Since there appears to be no testimony in the trial transcript in which defendant is pointed out and expressly identified as the driver of the vehicle which caused the accident, there is no basis for disturbing the court's decision to set aside the verdict. Moreover, due to his presence during the opening statements and summations, which were not recorded, the Judge, using his common sense, experience and sense of fairness, could conclude that plaintiffs' omission was due in large part to the posture assumed by defendant. While the failure of plaintiffs' counsel to produce evidence which was apparently readily available should not be ignored, the trial court's exercise of its discretionary power to set aside the verdict and order a new trial in the interest of justice should not be disturbed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.