■ KONSTANTIN FOTIU, Respondent, v WALTER J. EWING, Appellant. — Appeal (1) from a judgment of the Supreme Court in favor of plaintiff, entered December 3, 1981 in Albany County, upon a verdict rendered at Trial Term (Pitt, J.), and (2) from an order of said court, entered December 3, 1981 in Albany County, which denied defendant's motion to set aside the verdict. Plaintiff, a pedestrian, has sued to recover damages for personal injuries suffered in an automobile accident which occurred at about 5:50 A.M. on December 11, 1978 at the intersection of New Scotland Avenue and South Allen Street in the City of Albany. It is undisputed that at the time of the accident it was still dark and the roadway was covered with a light snow. Plaintiff testified that he alighted from a westbound bus stopped along New Scotland Avenue; that the light was green for pedestrian traffic; that he attempted to walk across New Scotland Avenue in the crosswalk; and that, when he stepped beyond the front of the bus, he was almost immediately struck by defendant's vehicle. Defendant testified that he was traveling in a westerly direction along New Scotland Avenue with the headlights on at approximately 15 miles per hour; that he observed the bus pulled over to the right-hand side of the road; and that as he passed the bus with the green light in his favor, plaintiff stepped out from the front of the bus into the path of his vehicle. Defendant applied his brakes and attempted to steer left but was unable to avoid striking plaintiff. Defendant conceded that he did not reduce the speed of his vehicle while approaching the intersection. An eyewitness testified that the controlling traffic signal was in defendant's favor and that plaintiff walked briskly out into the lane of traffic. Defendant's motion for a directed verdict after the close of the evidence pursuant to CPLR 4401 was denied in all respects. A jury returned a verdict of $20,000, apportioning liability 80% as against defendant and 20% as against plaintiff. Defendant's argument that the verdict was against the weight of the evidence and erroneous as a matter of law is without merit. To set aside this verdict as contrary to the weight of the evidence, we would have to find that the evidence so preponderates in favor of defendant as to preclude such a finding upon any *fair interpretation* of the evidence (*O'Boyle v Avis Rent-A-Car System,* 78 AD2d 431; *Lincoln v Austic,* 60 AD2d 487, 491). In making this assessment, a liberal standard of appellate review is applied since the determination "involves what is in large part a discretionary balancing of many factors" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499; *Mann v Hunt,* 283 App Div 140), and the Trial Judge is in a position to see, hear and weigh the testimony of the witnesses (*Ellis v Hoelzel,* 57 AD2d 968). Further, the testimony must be viewed in a light most favorable to the verdict. Generally, the question of whether a pedestrian exercised due care in crossing a street is one for the jury (*Rodriguez v Robert,* 47 AD2d 548). Here, the credibility of the witnesses, and the accuracy of their testimony, whether contradicted or not, presented clear issues of fact for jury resolution (*Sorokin v Food Fair Stores,* 51 AD2d 592, 593). Plaintiff's testimony that he crossed New Scotland Avenue with the light in his favor was not so incredible that the jury could not have reached its conclusion on any fair interpretation of the evidence. Nor was the apportionment of liability unreasonable. On this record, we cannot say that the jury's verdict resolving the issues of fact presented to it is one with which reasonable men would not agree, and thus, it should not be disturbed (*Horton v Smith,* 71 AD2d 748, affd 51 NY2d 798; cf. *Hogeboom v Protts,* 30 AD2d 618). The Trial Judge properly

refused to usurp the fact-finding role of the jury (see *Durante v Frishling*, 81 AD2d 631). Finally, since a valid question of fact was presented, the court was precluded from directing a verdict as a matter of law in defendant's favor (*Cohen v Hallmark Cards*, 45 NY2d 493, 499, *supra;* see *Middleton v Whitridge*, 213 NY 499, 506-508). Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.