■ DONALD KEHN, Respondent, and JULIE KEHN, Respondent-Appellant, v COOLEY VOLKSWAGEN CORPORATION, Appellant-Respondent. — Kane, J. (1) Appeal from a judgment of the Supreme Court in favor of plaintiff Donald Kehn, entered May 2, 1984 in Saratoga County, upon a verdict rendered at Trial Term (Mercure, J.), and (2) cross appeals from a judgment of said court

in favor of plaintiff Julie Kehn, entered May 2, 1984 in Saratoga County, upon a verdict rendered at Trial Term.

Plaintiff Donald Kehn (hereinafter plaintiff) sustained serious, permanent personal injuries at about 3:00 A.M. on December 20, 1975 when his 1974 Volkswagen 412 sedan, which he was operating northerly on Route I-787 in the City of Watervliet, Albany County, left the highway and struck adjacent guardrails. He was the sole occupant of the vehicle and there were no eyewitnesses to the accident. It is his contention that the accident occurred when the driver's seat in his vehicle suddenly tipped over backwards, causing him to lose control of the vehicle and strike the guardrails. He seeks recovery from defendant on the ground that its employees negligently affixed the seat after installing a new battery and that this negligence was the proximate cause of his accident. He also alleges a cause of action for breach of warranty. After trial, a jury returned a verdict in favor of plaintiff on both causes of action in the sum of $350,000 and in favor of his wife, Julie Kehn, in her derivative action, in the sum of $150,000, which was reduced by the court to $50,000, the amount originally demanded in the complaint. A motion to increase the ad damnum clause in plaintiff's complaint was granted, but a similar motion on behalf of his wife was denied. Defendant appeals, contending that the verdicts are against the weight of the evidence and excessive. Defendant also asserts that the trial court erred in granting the motion to amend the ad damnum clause in plaintiff's complaint and upon certain evidentiary rulings. Plaintiff's wife cross appeals from the denial of her motion to increase the ad damnum clause of the complaint in the derivative action. For the reasons hereinafter stated, we affirm.

To support plaintiff's contention that defendant was responsible for plaintiff's accident and his ensuing injuries, he presented the testimony of an accident reconstruction and safety consultant. This expert stated that, based on his observations and tests performed upon the driver's seat in plaintiff's vehicle on January 6, 1976, he was of the opinion that the driver's seat was disassembled from the front brackets which secure the seat to the floor of the vehicle and that the brackets were installed upside down and backwards. He further testified that the bolts securing these brackets had backed out about one quarter of an inch and that the whole assembly was loose. It was the opinion of this expert that an improper connecting of the front seat occurred on December 8, 1975 when a battery was replaced under the front seat of plaintiff's vehicle at defendant's place of business and that the seat thereafter became disassembled from

mere vibration, causing the accident and injuries to plaintiff on December 20, 1975. Moreover, the expert was of the further opinion that had plaintiff been wearing a seat belt, he would have been unable to gain any control over the vehicle at the time of the accident and that the impact would have been even more severe.

Defendant argues that there is a lack of foundation for this expert's testimony in that he never interviewed other witnesses at the scene of the accident or any representative of defendant to obtain any other version of the facts. Defendant further argues that there was testimony from police officers at the scene of the accident indicating that plaintiff stated that his vehicle had skidded on a slippery spot just prior to the accident. However, these same officers also stated that plaintiff was dazed, confused and obviously injured at the time. Additionally, it was established that the highway was clear and dry at the scene of the accident. This contradictory evidence, along with other inconsistent versions of events, merely presented questions of fact and issues of credibility for resolution by the jury (*Cohen v Hallmark Cards,* 45 NY2d 493). Under the circumstances, we cannot say that the jury's verdict was not based upon a fair interpretation of the evidence (*see, Fotiu v Ewing,* 90 AD2d 602).

Nor can we say that the verdict was excessive, considering the nature and extent of plaintiff's injuries. Plaintiff suffered severe, life-threatening injuries to his chest, including multiple rib fractures and a punctured lung. He also sustained a separated shoulder, as well as lacerations to the head, leg and other parts of his body. Emergency medical treatment had to be performed under local anesthesia because of a possible concussion. Although plaintiff was confined to the hospital for only 10 days, his recuperative process at home, under the care of his wife, was prolonged and uncomfortable. Indeed, some months later, plaintiff required surgery to correct the damage to his shoulder. We cannot say that the verdicts obtained are shocking to the conscience of the court (*see, Le Bel v Airlines Limousine Serv.,* 92 AD2d 996).

Finally, we find that the trial court's rulings upon the motions to amend the ad damnum clauses were properly within its sound discretion and, therefore, should not be disturbed (*Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23; *Scicchitano v Emerton,* 95 AD2d 882). Similarly, we find no reason to disturb the evidentiary determinations made by the court during the trial and its rulings on issues raised upon the examination of jurors.

Judgments affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.