■ ELEK LEHOCZKY et al., Appellants, v NEW YORK STATE ELECTRIC & GAS CORPORATION et al., Defendants, and DOW CHEMICAL COMPANY, Respondent. (And Two Third-Party Actions.)—Kane, J. P. Appeal from a judgment of the Supreme Court (Swartwood, J.), entered July 7, 1987 in Chemung County, upon a verdict rendered in favor of defendant Dow Chemical Company.

The relevant facts and circumstances concerning this litiga-

tion are set forth in a prior decision of this court wherein we reversed orders granting summary judgment to defendants (117 AD2d 870). Upon the subsequent trial of the issues raised by the pleadings, a jury returned a verdict of no cause of action against defendant Dow Chemical Company (hereinafter Dow) and apportioned fault among the remaining defendants and awarded money damages for the death of cattle and loss of prospective profits. A motion by plaintiffs to set aside the verdict was denied and two separate judgments were entered thereon, one on July 7, 1987 dismissing the amended complaint against Dow, and the other on July 21, 1987 adjudging the respective liabilities of defendants New York State Electric & Gas Corporation (hereinafter NYSEG) and Lewis Tree Service, Inc. (hereinafter Lewis) and awarding damages. A notice of appeal was filed by plaintiffs with respect to the judgment entered July 7, 1987 and by NYSEG to the judgment entered July 21, 1987. However, the appeal by NYSEG has been withdrawn, and, in the absence of a cross appeal by plaintiffs, the only issues which we may consider are limited by the notice of appeal from the judgment entered July 7, 1987 (see, CPLR 5515 [1]; *Vias v Rohan,* 119 AD2d 672; *Spallina v Giannoccaro,* 98 AD2d 103, 108; *Marocco v Marocco,* 53 AD2d 707, 708; see also, 10 Carmody-Wait 2d, NY Prac § 70:295, at 557). Although minor defects in a notice of appeal may be disregarded (CPLR 2001) and an appellate court may treat a notice of appeal which contains "an inaccurate description of the judgment or order appealed from" as valid (CPLR 5520 [c]), these provisions cannot be used to "amend a notice of appeal so as to insert therein an order from which no appeal has in fact ever been taken" (10 Carmody-Wait 2d, NY Prac § 70:146, at 405). Accordingly, the only issues properly before this court are those dealing with the liability of Dow.

Initially, we are not persuaded that the verdict of no cause of action against Dow is against the weight of the evidence or inconsistent with an award of damages against NYSEG and Lewis, as urged by plaintiffs on this appeal. The theory of liability against Dow is that its products, Garlon 4 and Tordon 101, used as a herbicide by Lewis, are not reasonably safe for their intended use, are misbranded (see, ECL 33-0101 [32] [g]) and are not labeled sufficiently to warn of the danger of their use. Several experts testified as to the fitness and safety of Garlon 4 and Tordon 101 for their recommended and intended use as herbicides for clearing rights-of-way and whether their use presented a danger to vertebrate animals even when

properly used. The testimony was extremely conflicting. Accordingly, while it was the jury's prerogative to find that their use was the proximate cause of the death of plaintiffs' cows (see, Fotiu v Ewing, 90 AD2d 602), such a finding does not necessarily cast Dow in liability, since the jury could have decided that the herbicides were improperly used by Lewis, which is entirely consistent with a finding of no liability on the part of Dow. The other issues of whether the herbicides were reasonably safe for their intended purpose, if used as directed, and whether there were adequate warnings as to the dangers in the uses of the products presented additional questions of fact to be resolved by the jury on the conflicting testimony presented (see, Cooley v Carter-Wallace, Inc., 102 AD2d 642, 647; Fotiu v Ewing, supra; see also, Boyle v Gretch, 57 AD2d 1047, 1048).

Finally, as to the issue of Supreme Court's refusal to allow a claim for or charge on the issue of punitive damages, the question is academic, since the jury verdict cannot be disturbed (see, Goldberg v Manhattan Ford Lincoln-Mercury, 129 Misc 2d 123, 128). However, in any event, the claim for punitive damages is without merit in this case since there are absolutely no facts from which evil and malevolent motives on the part of Dow might be inferred (see, Walker v Sheldon, 10 NY2d 401, 404).

Judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.