■ ELEK LEHOCZKY et al., Appellants, v NEW YORK STATE ELECTRIC & GAS CORPORATION et al., Respondents, et al., Defendant. (And Two Third-Party Actions.)—Kane, J. P. Appeal from a judgment of the Supreme Court (Swartwood, J.), entered July 21, 1987 in Chemung County, upon a verdict rendered in favor of plaintiff against defendants New York State Electric & Gas Corporation and Lewis Tree Service, Inc.

By prior decision in this action, this court affirmed a judgment entered July 7, 1987 upon a verdict in favor of defendant Dow Chemical Company (149 AD2d 862). The same verdict also resulted in a judgment in favor of plaintiffs awarding damages against and apportioning fault among defendants New York State Electric & Gas Corporation (hereinafter NYSEG) and Lewis Tree Service, Inc. (hereinafter Lewis), which was entered July 21, 1987. On the prior appeal, plaintiffs sought to argue issues related to their claim for punitive damages, Supreme Court's charge to the jury, the inadequacy of damages and the denial of their motion to set aside the verdict. For the reason set forth in that prior decision, we did not reach those issues. Thereafter, upon motion by plaintiffs in which they explained that a timely notice of appeal had been filed from the July 21, 1987 judgment but had inadvertently been omitted from the record in the earlier appeal, we granted their request for an extension of time to appeal from the July 21, 1987 judgment and the aforementioned issues are now before us for consideration.

As to the claim for punitive damages, we are unable to find any evidence in the record which would support an award of punitive damages against either defendant *(see, Guion v Asso-*

*ciated Dry Goods Corp.,* 43 NY2d 876). Nor do we find any merit in plaintiffs' contention that Supreme Court improperly limited the period for which damages could be measured. There was proof that plaintiffs' premises were free from contamination by any herbicide as of December 2, 1982 and no meaningful records of plaintiffs' operations were available beyond December 1983. Accordingly, the time limit imposed was entirely within the discretion of the court based upon the evidence before it *(see, Snyder v Bio-Lab,* 94 Misc 2d 816). Finally, Supreme Court was correct in denying plaintiffs' motion pursuant to CPLR 4404 (a), as the verdict returned was fully supported by the record *(see, De Marco v Frucchione,* 67 AD2d 1055, *lv dismissed* 48 NY2d 881).

Judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.