In the Matter of CLARENCE A. TRIPP, Also Known as CLARENCE A. TRIPP II, Deceased. NORMAN SHAIFER, Appellant; KEVIN J. PLUNKETT et al., Respondents. [957 NYS2d 389]—

The appellant, Norman Shaifer, was the executor of the estate of Clarence A. Tripp, also known as Clarence A. Tripp II, from August 2003 until he was removed by the Rockland County Surrogate's Court in September 2008. Kevin J. Plunkett was thereafter appointed as the administrator of the estate. Prior to being removed, Shaifer filed an accounting and the respondents—Plunkett and the two beneficiaries of the estate—there-

after filed objections and amended objections to the accounting. A trial was scheduled for August 12, 2010, but was adjourned until November 16, 2010. Shaifer failed to appear at two settlement conferences and at a pretrial conference. He also failed to submit timely affidavits from his physicians regarding his alleged inability to participate in the trial. When Shaifer failed to appear in court on the morning of November 16, 2010, the court informed Shaifer's attorney that, in light of Shaifer's long history of delays throughout the entire proceeding, it would not grant an adjournment, but would commence the trial at 11:00 a.m. The court gave Shaifer's attorney the opportunity to contact Shaifer. When the trial commenced, the attorney reported that Shaifer could not appear. Upon Shaifer's default, the Surrogate's Court granted the relief requested in the amended objections.

Where, as here, the decree appealed from was made upon the party's default, "review is limited to matters which were the subject of contest below" (*Matter of Constance P. v Avraam G.*, 27 AD3d 754, 755 [2006] [internal quotations marks omitted]; *see James v Powell*, 19 NY2d 249, 256 n 3 [1967]; *Diamond v Diamante*, 57 AD3d 826, 827-828 [2008]; *Wexler v Wexler*, 34 AD3d 458, 459 [2006]; *Brown v Data Communications*, 236 AD2d 499 [1997]). Accordingly, in this case, review is limited to the denial of Shaifer's request for an adjournment (*see Matter of Paulino v Camacho*, 36 AD3d 821, 822 [2007]; *Tun v Aw*, 10 AD3d 651, 652 [2004]).

Turning to the merits, "[t]he granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (*Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *see Matter of Steven B.*, 6 NY3d 888, 889 [2006]; *Matter of Sicurella v Embro*, 31 AD3d 651 [2006]), and its determination will not be disturbed absent an improvident exercise of that discretion (*see Davidson v Davidson*, 54 AD3d 988 [2008]). "In making such a determination, the court must undertake a balanced consideration of all relevant factors" (*Matter of Sicurella v Embro*, 31 AD3d at 651), including "the merit or lack of merit of the action, extent of the delay," the number of adjournments granted, the "lack of intent to deliberately default or abandon the action" and the length of the pendency of the proceeding (*Belsky v Lowell*, 117 AD2d 575, 576 [1986]; *see Matter of Claburn v Claburn*, 128 AD2d 937, 938 [1987]). Applying these legal principles here, the Surrogate's Court did not improvidently exercise its discretion in declining to grant an adjournment. Shaifer had a history of delaying prior proceedings before the Surrogate's Court. Moreover, in the proceeding to settle the

account, as previously stated, he failed to appear at two settlement conferences, at a pretrial conference, and at the trial. When Shaifer failed to appear at the trial on November 16, 2010, the court gave his attorney the opportunity to contact him, in order to tell him that he was required to appear at the trial, but he did not appear. Contrary to Shaifer's contention, there is no evidence in the record that he was too ill to attend the trial. In light of his unreasonable failure to proceed, we decline to disturb the Surrogate's Court's exercise of discretion (*see Diamond v Diamante*, 57 AD3d at 828; *Matter of Steven B.*, 6 NY3d at 889; *Matter of Nicholas S.*, 46 AD3d 830 [2007]; *Matter of Doran J.*, 266 AD2d 99 [1999]; *Brown v Data Communications*, 236 AD2d at 499; *Wren v Lawrence Hosp.*, 203 AD2d 559 [1994]). Dillon, J.P., Leventhal, Austin and Miller, JJ., concur.

Cross motion by the respondent Kevin J. Plunkett to dismiss an appeal from a decree of the Surrogate's Court, Rockland County, dated November 30, 2010, on the ground, inter alia, that no appeal lies from a decree entered upon the default of the appealing party. By decision and order on motion of this Court dated April 24, 2012, the cross motion was held in abeyance, and was referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the cross motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the cross motion is denied (*see Matter of Tripp*, 101 AD3d 1137 [2012] [decided herewith]). Dillon, J.P., Leventhal, Austin and Miller, JJ., concur.