# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1320**
**CA 14-00177**
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

JESSE CAUDILL, PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

ROCHESTER INSTITUTE OF TECHNOLOGY,
DEFENDANT-RESPONDENT.

---

E. MICHAEL COOK, P.C., ROCHESTER (MICHAEL S. STEINBERG OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, ROCHESTER (MATTHEW
A. LENHARD OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-------------------------------------------------------------------

Appeal from a second amended order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered September 11, 2013. The second amended order granted that part of the motion of defendant for summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is based on the alleged violation of 12 NYCRR 23-1.7 (e) (1).

It is hereby ORDERED that the second amended order so appealed from is unanimously reversed on the law without costs and that part of defendant's motion for summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is based on the alleged violation of 12 NYCRR 23-1.7 (e) (1) is denied.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he allegedly stepped on a "softball"-sized rock or clump of hard dirt while descending an earthen ramp into a trench. In support of his Labor Law § 241 (6) claim, plaintiff alleged the violation of 12 NYCRR 23-1.7 (e) (1), which addresses tripping hazards in passageways. Defendant moved for summary judgment dismissing the complaint, and plaintiff cross-moved for leave to amend his bill of particulars to add 12 NYCRR 23-1.23 as additional support for his Labor Law § 241 (6) claim. In an order entered September 4, 2013, Supreme Court granted plaintiff's cross motion and granted those parts of defendant's motion with respect to the negligence claim as well as the claims asserted under Labor Law §§ 200 and 240 (1). The court denied that part of defendant's motion with respect to the Labor Law § 241 (6) claim insofar as it is based on the newly alleged violation of 12 NYCRR 23-1.23 and reserved decision on that part of defendant's motion with respect to the Labor Law § 241 (6) claim insofar as it is based on the alleged violation of 12 NYCRR 23-1.7 (e) (1). While that order is not contained in the record on appeal, it was submitted to this Court on

earlier motions related to this appeal, and we may take judicial notice of our records (*see Matter of Liliana G. [Orena G.]*, 91 AD3d 1325, 1326-1327; *see also Samuels v Montefiore Med. Ctr.*, 49 AD3d 268, 268). No notice of appeal was filed with respect to that order.

By a second amended order, entered September 11, 2013, the court granted that part of defendant's motion for summary judgment dismissing the Labor Law § 241 (6) claim only insofar as it is based on the alleged violation of 12 NYCRR 23-1.7 (e) (1). Plaintiff filed a notice of appeal with respect to the second amended order.

On this appeal, plaintiff challenges both the order and second amended order, contending that his attorney "reasonably interpreted the [second amended] order under appeal as incorporating the previous order[] by reference, at least implicitly." We reject that contention. In the second amended order, the court merely noted that it had previously granted various parts of defendant's motion for summary judgment, granted plaintiff's cross motion to amend the bill of particulars and reserved decision on that part of the motion with respect to the Labor Law § 241 (6) claim. The second amended order does not specifically incorporate the earlier order and, indeed, does not specify the date of the earlier order. In our view, "the reference to the terms of the [prior] order . . . did not effectively incorporate that prior order's [provisions]" (*Matter of Melissa G.*, 306 AD2d 919, 919-920), and we thus conclude that we cannot consider any issues related to that earlier order (*see Weichert v Delia*, 1 AD3d 1058, 1058-1059, *lv denied* 1 NY3d 509; *Lehoczky v New York State Elec. & Gas Corp.*, 149 AD2d 862, 863). "Although minor defects in a notice of appeal may be disregarded ([*see*] CPLR 2001) and an appellate court may treat a notice of appeal which contains 'an inaccurate description of the judgment or order appealed from' as valid (CPLR 5520 [c]), these provisions cannot be used to 'amend a notice of appeal so as to insert therein an order from which no appeal has in fact ever been taken' " (*Lehoczky*, 149 AD2d at 863; *see generally Weichert*, 1 AD3d at 1058-1059).

We agree with plaintiff, however, that the court erred in granting that part of defendant's motion for summary judgment seeking dismissal of the Labor Law § 241 (6) claim insofar as it is based on the alleged violation of 12 NYCRR 23-1.7 (e) (1). That section provides, in pertinent part, that "[a]ll passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping" (12 NYCRR 23-1.7 [e] [1]). Although a single rock or clump of dirt does not constitute an "accumulation[] of dirt and debris," we agree with plaintiff that it may nevertheless constitute another "obstruction[] or condition[] which could cause tripping" (12 NYCRR 23-1.7 [e] [1]). We thus conclude that defendant failed to meet its initial burden of establishing that there was no violation of 12 NYCRR 23-1.7 (e) (1). While defendant on appeal relies exclusively on cases interpreting 12 NYCRR 23-1.7 (e) (2), such reliance is misplaced inasmuch as that section concerns working areas rather than the "passageways" at issue in section 23-1.7 (e) (1) (*see Canning v Barney's N.Y.*, 289 AD2d 32, 34).

Finally, defendant contends that the court properly granted that part of its motion seeking dismissal of the Labor Law § 241 (6) claim insofar as it is based on the alleged violation of 12 NYCRR 23-1.7 (e) (1) because plaintiff's allegations concerning the cause of his fall are speculative. We reject that contention. Defendant, as the moving party, was required "to establish in the first instance that . . . [its] violation [of the regulation] was not a proximate cause of the accident" (*Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2 AD3d 1345, 1349). In support of its motion, defendant submitted a transcript of plaintiff's deposition, wherein plaintiff repeatedly alleged that the object on the ramp caused his fall. We thus conclude that defendant failed to meet its initial burden of establishing as a matter of law that any alleged violation of 12 NYCRR 23-1.7 (e) (1) was not a proximate cause of the accident (*see e.g. Babiack v Ontario Exteriors, Inc.*, 106 AD3d 1448, 1449-1450; *Ganger v Anthony Cimato/ACP Partnership*, 53 AD3d 1051, 1053). This is not a situation in which the plaintiff "did not know what caused [him] to fall," and it is not " 'just as likely that the accident could have been caused by some other factor, such as a misstep or loss of balance' " (*McGill v United Parcel Serv., Inc.*, 53 AD3d 1077, 1077).

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court