Matter of Alan VV. (Amanda RR.) (2020 NY Slip Op 03574)





Matter of Alan VV. (Amanda RR.)


2020 NY Slip Op 03574


Decided on June 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 25, 2020

527027

[*1]In the Matter of Alan VV. and Another, Permanently Neglected Children. St. Lawrence County Department of Social Services, Respondent; Amanda RR., Appellant.

Calendar Date: May 18, 2020

Before: Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
St. Lawrence County Department of Social Services, Canton (Amanda Calton of counsel), for respondent.
Omshanti Parnes, Plattsburgh, attorney for the children.



Pritzker, J.
Appeal from an order of the Family Court of St. Lawrence County (Morris, J.), entered April 5, 2018, which, in a proceeding pursuant to Family Ct Act articles 10 and 10-A, extended the placement of the subject children.
Respondent is the mother of two children (born in 2009 and 2012).[FN1] The children have been in the custody of petitioner since 2012. In December 2015, respondent admitted to permanently neglecting the children and consented to Family Court entering a finding of permanent neglect. Respondent was granted a suspended judgment until June 2016, provided that she cooperated with certain terms and conditions. In April 2016, petitioner filed a petition alleging that respondent violated the terms of the suspended judgment. Thereafter, on June 9, 2016, respondent appeared for a fact-finding and dispositional hearing on the violation petition, at which time she admitted to violating the terms of the suspended judgment and consented to the termination of her parental rights. The corresponding order terminating respondent's parental rights was entered in November 2016.
On June 8, 2016, one day prior to the June 9, 2016 hearing during which respondent consented to the termination of her parental rights, Family Court conducted a permanency hearing, which extended placement of the children with petitioner. In March 2018, the court granted petitioner leave to submit the proposed order for the June 8, 2016 permanency hearing, and the order was entered on April 5, 2018. Respondent was served with the permanency order in May 2018, and she appeals from said order.
Respondent contends that the affidavit submitted with her notice of appeal demonstrates that she intended to appeal the November 2016 order terminating her parental rights, rather than the April 5, 2018 permanency hearing order. Accordingly, respondent asks this Court to "construe [her appeal] as such, and deem it timely filed." Despite this request, the order terminating respondent's parental rights was entered and mailed to respondent in November 2016, 18 months before her May 2018 notice of appeal. Thus, even if we were to construe it as respondent requests, because the notice of appeal was not filed and served "within 35 days after the order was mailed" to respondent, it was untimely and we lack jurisdiction to hear the appeal (Matter of Richard HH. v Saratoga County Dept. of Social Servs., 163 AD3d 1082, 1082 n 2 [2018], lv denied 32 NY3d 911 [2018]; see Family Ct Act § 1113; Matter of Catherine C. v Billy D., 100 AD3d 1292, 1292 [2012]). Further, despite respondent's contention that her affidavit accompanying the notice of appeal demonstrates her intent to appeal the order terminating her parental rights, this affidavit explicitly and repeatedly references the permanency hearing order. Although this Court "may treat a notice of appeal which contains an inaccurate description of the judgment or order appealed from as valid," it may not, as respondent requests, "amend a notice of appeal so as to insert therein an order from which no appeal has in fact ever been taken" (Lehoczky v New York State Elec. & Gas Corp., 149 AD2d 862, 863 [1989] [internal quotation marks and citation omitted]; accord Caudill v Rochester Inst. of Tech., 125 AD3d 1392, 1393 [2015]).
Garry, P.J., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the appeal is dismissed, without costs.



Footnotes

Footnote 1: Respondent and the children are Native American and protected by the Indian Child Welfare Act.