■ ANN M. ALBERO et al., Appellants, v EDWARD R. ROGERS, Respondent, and NEW YORK TELEPHONE COMPANY, Defendant and Third-Party Plaintiff-Respondent. PIONEER TRANSPORTATION CORP. et al., Third-Party Defendants-Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Richmond County (McBrien, J.), entered August 27, 1986, which is in favor of the defendants and against them, upon a jury verdict.

Ordered that the judgment is affirmed, with one bill of costs

payable to the defendant and third-party plaintiff-respondent and the third-party defendants-respondents appearing separately and filing separate briefs.

The infant plaintiff was injured when she ran across the road and was struck by a vehicle driven by the defendant Rogers in the course of his employment with the vehicle's owner, the defendant New York Telephone Company. Immediately before the accident, the infant plaintiff had alighted from a school bus driven by third-party defendant Hicks and owned by the third-party defendant Pioneer Transportation Corp. It appears that she proceeded into the roadway from behind the school bus. The evidence adduced at trial was not definitive as to whether third-party defendant Hicks instructed the children to cross in front of the bus as required by Vehicle and Traffic Law § 1174 (b). The evidence was conflicting as to whether he had turned off the flashing red lights and had begun to move the bus (Vehicle and Traffic Law § 1174 [b]), or whether the bus was still stopped, with lights flashing (Vehicle and Traffic Law § 1174 [a]) when the accident occurred.

The plaintiffs contend that the trial court erred when it refused to charge the jury, as requested by the defendants, that a failure by the third-party defendant Hicks to instruct the children to cross in front of the bus gave rise to absolute liability on his part (see, *Van Gaasbeck v Webatuck Cent. School Dist. No. 1,* 21 NY2d 239; *Sewar v Gagliardi Bros. Serv.,* 69 AD2d 281, *affd* 51 NY2d 752). That contention is not, however, properly before us. The plaintiffs neglected to proceed directly against the third-party defendants (see, CPLR 1009). Their recovery was, therefore, dependent solely upon a finding of liability against the defendants.

We do not agree with the plaintiffs that the verdict absolving the defendants from liability is against the weight of the evidence. The jury was presented with sharp issues of credibility and the accuracy of the witnesses' testimony was for its determination (see, *Sorokin v Food Fair Stores,* 51 AD2d 592). A fair interpretation of the evidence supports the jury's resolution of conflicts in the evidence (see, *O'Boyle v Avis Rent-A-Car Sys.,* 78 AD2d 431, 438-439). We therefore will not disturb its finding that the defendant Rogers did not violate the statutory and common-law duties he owed to the infant plaintiff.

We have considered the plaintiffs' remaining contentions and find them to be without merit. Mangano, J. P., Brown, Rubin and Harwood, JJ., concur.