■ PATRICIA SALAZAR, an Infant, by Her Mother and Natural Guardian, NORA QUESNAY, et al., Respondents, v MAXINE V. FISHER, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant appeals from an interlocutory judgment of the Supreme Court, Queens County (Graci, J.), entered February 1, 1988, which, upon granting the plaintiffs' motion to set aside a jury verdict in favor of the defendant as against the weight of the credible evidence, ordered a new trial.

Ordered that the interlocutory judgment is reversed, on the law and the facts and as a matter of discretion, without costs or disbursements, the plaintiffs' motion is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate judgment on the verdict.

At approximately 3:00 P.M. on March 13, 1985, the infant

plaintiff Patricia Salazar, then eight years old, was struck while crossing the intersection of 48th Street and 47th Avenue in Queens, by a vehicle owned and operated by the defendant Maxine Valdina Fisher. The defendant, the only witness to testify at the trial of this matter, stated that she was a block away when she saw the light turn green in her favor at the intersection where the accident occurred and that as she approached the intersection, she saw the infant plaintiff run out to the middle of her lane of traffic. Upon observing the child, the defendant took her foot off the gas pedal and veered her vehicle to the left to avoid hitting the infant plaintiff, but the child continued to run into the right side of the defendant's automobile. The defendant stated that in the instant she had to reflect, she decided to swerve her car rather than honk her horn or apply her brakes. At the examination before trial, the defendant testified that 4 or 5 seconds elapsed from the time she first saw the infant plaintiff until the child ran into the car. However, when presented with the opportunity to amend her testimony some time after the deposition was taken, the defendant corrected the time from 4 to 5 seconds to only a fraction of a second.

The jury rendered a verdict in favor of the defendant. Upon the plaintiffs' motion, the trial court set aside the verdict as against the weight of the evidence and ordered a new trial. We reverse.

The power of a trial court to exercise its discretion and set aside a jury verdict is a broad one, intended to ensure that justice is done *(Micallef v Miehle Co.,* 39 NY2d 376; *Nicastro v Park,* 113 AD2d 129). However, "[t]he fact that determination of a motion to set aside a verdict involves judicial discretion does not imply * * * that the trial court can freely interfere with any verdict that is unsatisfactory or with which it disagrees. A preeminent principle of jurisprudence in this area is that the discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution, for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict. Fact finding is the province of the jury, not the trial court, and a court must act warily lest overzealous enforcement of its duty to oversee the proper administration of justice leads it to overstep its bounds and 'unnecessarily interfere with the fact-finding function of the jury to a degree that amounts to an usurpation of the jury's duty' " *(Nicastro v Park, supra,* at 133, quoting from *Ellis v Hoelzel,* 57 AD2d 968, 969; *Zolli v Dubois,* 88 AD2d

951; *Durante v Frishling,* 81 AD2d 631; *Facteau v Wenz,* 78 AD2d 931, 932).

It has often been stated that "a jury verdict in favor of a defendant should not be set aside unless 'the jury could not have reached the verdict on any fair interpretation of the evidence'" *(Nicastro v Park, supra,* at 134, quoting from *Delgado v Board of Educ.,* 65 AD2d 547, *affd* 48 NY2d 643; *Tripoli v Tripoli,* 83 AD2d 764, *affd* 56 NY2d 684; *Tannenbaum v Mandell,* 51 AD2d 593; *Pertofsky v Drucks,* 16 AD2d 690).

We do not agree with the trial court's finding that the jury could not have reached the verdict it did on any fair interpretation of the evidence. The jury was presented with the defendant's testimony at trial and at the examination before trial in which she conceded that she did not honk her horn or apply her brakes but rather, attempted to veer her vehicle away from the child. The jury was also presented with the defendant's conflicting testimony regarding the amount of time which had elapsed between the defendant's observation of the child and the impact. The jury resolved these inconsistencies in the defendant's favor. In reviewing the whole trial to ascertain whether the jury's conclusion was a fair reflection of the evidence, great deference must be accorded to the fact-finding function of the jury *(Birnbaum v All-State Vehicle,* 139 AD2d 553).

The only evidence introduced by the plaintiffs was the testimony of the defendant. Neither the infant plaintiff nor her mother testified at the trial nor were any accident reports introduced to set forth the plaintiffs' position. Unlike the situation presented in *Pire v Otero* (123 AD2d 611), where this court affirmed the trial court's order setting aside the jury verdict, the record herein was not "replete with evidence of negligence" *(see, Nicastro v Park, supra,* at 137). The plaintiffs' evidentiary position was not particularly strong as compared to that of the defendant *(see, Nicastro v Park, supra).*

Based on the foregoing, we conclude that the trial court erred in setting aside the jury verdict. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.