(June 12, 1995)

■ Roslyn Alterescu, Respondent, v Denise Mills, Defendant and Third-Party Plaintiff-Appellant. Felicia Alterescu, Third-Party Defendant-Respondent. [628 NYS2d 354] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated January 25, 1994, which granted the third-party defendant's motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and ordered a new trial.

Ordered that the order is reversed, on the law and the facts, with costs, the motion is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for a trial on the issue of damages.

This action arose from an automobile accident involving a vehicle operated by the defendant third-party plaintiff Denise Mills and a vehicle operated by the third-party defendant Felicia Alterescu in which the plaintiff Roslyn Alterescu was a passenger. After a trial on the issue of liability, the jury found Mills 20% at fault and Felicia Alterescu 80% at fault in the happening of the accident. The trial court granted Felicia Alterescu's motion to set aside the verdict as against the weight of the evidence and ordered a new trial. We reverse.

The jury was presented with conflicting testimony as to how the accident occurred and the resolution of that conflicting evidence was part of its fact-finding function (*see, Salazar v Fisher,* 147 AD2d 470, 471; *Albero v Rogers,* 143 AD2d 246, 247). A fair interpretation of the evidence supports the jury's apportion-

ment of liability, and consequently its verdict should not be disturbed *(see, Salazar v Fisher, supra; Delgado v Board of Educ.,* 65 AD2d 547, *affd* 48 NY2d 643). Balletta, J. P., Copertino, Altman and Goldstein, JJ., concur.