■ PEGGY SHACHNOW et al., Respondents, v ROWENA A. MYERS, Appellant. [645 NYS2d 97] —In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered February 2, 1996, which granted the plaintiffs' motion to set aside the verdict and for a new trial.

Ordered that the order is reversed, on the law and the facts, with costs, the verdict is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate judgment on the verdict.

This negligence action stems from a motor vehicle/pedestrian

accident which occurred on October 5, 1991, at the intersection of Purchase Street and Elm Place in Rye. At the conclusion of the trial, the jury rendered a verdict in favor of the defendant. Thereafter, the plaintiffs moved to set aside the verdict and for a new trial. The Supreme Court granted the plaintiffs' motion, finding that the verdict was against the weight of the evidence. We reverse.

CPLR 4404 (a) provides, in relevant part, that the court may set aside a jury verdict and order a new trial where, *inter alia,* the verdict "is contrary to the weight of the evidence". However, as this Court has repeatedly held, the discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution (*see, e.g., Nicastro v Park,* 113 AD2d 129). To this end, a verdict should not be set aside unless " 'the jury could not have reached the verdict on any fair interpretation of the evidence' " (*Nicastro v Park, supra,* at 134, quoting *Delgado v Board of Educ.,* 65 AD2d 547; *see also, Salazar v Fisher,* 147 AD2d 470, 471-472).

Here, the jury "was presented with sharp issues of credibility and the accuracy of the witnesses' testimony was for its determination" (*Albero v Rogers,* 143 AD2d 246, 247). The defendant testified that she never saw the plaintiff pedestrian prior to impact, and a witness to the accident testified that the pedestrian had approached the intersection from an angle and did not appear to be within the crosswalk. This effectively contradicted the pedestrian's testimony that she was within the crosswalk when the accident occurred. Thus, the jury could have fairly determined that the plaintiff pedestrian was not crossing the roadway within the marked crosswalk and that she failed to yield the right of way to the defendant's vehicle when the traffic light turned green (*see,* Vehicle and Traffic Law § 1152 [a]). Inasmuch as the jury's verdict was supported by a fair interpretation of the evidence, it should not have been disturbed (*see, Buckenberger v Clark Constr. Corp.,* 208 AD2d 790, 791; *Salazar v Fisher,* 147 AD2d 470, 472, *supra; compare, Finkel v Benoit,* 211 AD2d 749). Rosenblatt, J. P., Santucci, Joy and Hart, JJ., concur.