■ ADEL EL-HOUAYEK et al., Appellants, v HERTZ PENSKE TRUCK LEASING CORPORATION et al., Respondents. [650 NYS2d 969] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Ramirez, J.), entered June 24, 1995, which, upon a jury verdict, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

This negligence action arises from an accident which occurred on Atlantic Avenue in Brooklyn, in which the plaintiff Adel El-Houayek, a pedestrian, was pinned between his parked automobile and a truck owned by the defendant Hertz Penske Truck Leasing Corporation and driven by an employee of the defendant Marriot Corporation. At the conclusion of the trial, the jury rendered a verdict in favor of the defendants and against the plaintiffs. Thereafter, the plaintiffs moved to set aside the verdict and for a new trial. The Supreme Court denied the plaintiffs' motion. On appeal, the plaintiffs contend that the verdict was against the weight of the evidence. We disagree.

CPLR 4404 (a) provides, in pertinent part, that the court may set aside a jury verdict and order a new trial where, *inter alia,* the verdict "is contrary to the weight of the evidence." However, the discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution *(see, Shachnow v Myers,* 229 AD2d 432, citing *Nicastro v Park,* 113 AD2d 129). A verdict should not be set aside unless the jury could not have reached the verdict on any fair interpretation of the evidence *(see, Grassi v Ulrich,* 87 NY2d 954).

In this case, the jury " 'was presented with sharp issues of credibility and the accuracy of the witnesses' testimony was for its determination' " *(Shachnow v Myers, supra,* at 433, quoting *Albero v Rogers,* 143 AD2d 246, 247). These issues were resolved in favor of the defendants and, since the jury's verdict was supported by a fair interpretation of the evidence, the trial court properly denied the plaintiffs' motion to set aside the verdict. Rosenblatt, J. P., O'Brien, Ritter and Friedmann, JJ., concur.