■ BERNADETTE M. GEORGE, Individually and as Administratrix of the Estate of DAVID T. GEORGE, Deceased, Appellant, v REBBE EXCAVATING & EQUIPMENT Co., INC., Defendant and Third-Party Plaintiff-Respondent. MIRANCO CONTRACTING, INC., Third-Party Defendant-Respondent. [653 NYS2d 663] —In an action to recover damages for personal injuries and wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), entered May 29, 1996, as granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The decedent supervised and assisted a representative of the defendant Rebbe Excavating & Equipment Co., Inc. (hereinafter Rebbe) in the excavation of a hole and the placement of a large concrete catch basin therein. The hole was to be backfilled immediately following the insertion of the catch basin. However, despite having been warned not to enter any excavations, and having himself given similar warnings to others in the past, the decedent jumped down into the hole in order to retrieve a chain which had fallen into the catch basin. He was killed when the soil collapsed around him and drove his body against the catch basin.

Under the circumstances presented, we agree with the Supreme Court's determination as a matter of law that the decedent's intervening and unforeseeable act of jumping into the hole constituted a superseding cause of the accident which effectively broke any causal nexus between Rebbe's purported

negligence and the death of the decedent *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 316; *see, e.g., Huber v Malone,* 229 AD2d 469; *Torres v Hallen Constr. Corp.,* 226 AD2d 364).

The plaintiff's remaining contentions are without merit. Miller, J. P., Sullivan, Pizzuto and Goldstein, JJ., concur.