■ SAM BROWN et al., Respondents, v MATTHEW MIDDLETON et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendants. MENDON LEASING CORPORATION, Third-Party Defendant-Appellant. [664 NYS2d 65] —In an action to recover damages for personal injuries, etc., the defendants Matthew Middleton, Dependable Delivery Service, Inc., and Jord-Amy Trucking Corporation appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated August 2, 1996, as, upon a jury verdict finding Mat-thew Middleton 34% at fault in the happening of the accident, the plaintiff Sam Brown 36% at fault, and the third-party de-fendant Mendon Leasing Corporation 30% at fault, and award-ing the plaintiff Sam Brown the sum of $910,000 for past pain and suffering and $650,000 for future pain and suffering, and awarding the plaintiff Lula Brown $490,000 for loss of services, (1) denied that branch of their motion pursuant to CPLR 4404 which was for judgment as a matter of law or to set aside the verdict on the issue of liability and for a new trial, (2) denied that branch of their motion which was to reduce the damages awarded to Sam Brown for past and future pain and suffering, and (3) granted that branch of their motion which was to reduce the damages awarded to Lula Brown for loss of services only to the extent of ordering a new trial on the issue of dam-ages for loss of services unless the plaintiff Lula Brown stipu-lated to reduce those damages to $150,000. The third-party de-fendant separately appeals, as limited by its notice of appeal and brief, from so much of the same order as denied its motion pursuant to CPLR 4404 for judgment as a matter of law or to set aside the verdict on the issue of liability and for a new trial.

Ordered that the appeal from so much of the order as (1) denied that branch of the motion of the defendants Matthew Middleton, Dependable Delivery Service, Inc., and Jord-Amy Trucking Corporation which was to reduce the damages for

past and future pain and suffering awarded to Sam Brown, and (2) granted that branch of their motion which was to reduce the damages awarded to Lula Brown only to the extent of reducing those damages to $150,000, is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the CPLR and the rules of this Court (see, 22 NYCRR 670.9; CPLR 5528 [a] [5]); and it is further,

Ordered that the order is modified by deleting the provision thereof which denied that branch of the third-party defendant's motion which was for judgment as a matter of law, and substituting therefor a provision granting that branch of the third-party defendant's motion, and dismissing the complaint and all cross claims insofar as asserted against it; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of the apportionment of fault between the plaintiff Sam Brown and the defendant Matthew Middleton.

The plaintiff Sam Brown was seriously injured when he was struck by a truck driven by the defendant Matthew Middleton and leased by the corporate defendants, Dependable Delivery Service, Inc., and Jord-Amy Trucking Corporation (hereinafter collectively the defendants), from the third-party defendant Mendon Leasing Company (hereinafter Mendon). At the time of the accident, Brown was employed by Mendon as a yardman, and his duties included ensuring that leased trucks were not removed from Mendon's lot without proper authorization. The testimony presented at trial reveals that on the evening of September 12, 1991, Middleton received permission from his employer to use the leased truck he had been driving during business hours. When Middleton and a friend went to the Mendon lot to get the truck, Brown would not allow them to take it without authorization from his supervisor. After Middleton left to speak to Brown's supervisor, Brown became involved in a dispute with Middleton's friend. As the dispute escalated, Brown picked up a metal pipe, and chased this individual off the premises.

Meanwhile, Middleton obtained permission from Brown's supervisor to take the truck, and drove it off the lot. When Middleton drove past Brown, who was unaware that his supervisor had agreed to allow Middleton to take the vehicle, Brown allegedly ordered Middleton to take the truck back to the lot. According to Brown, the two men then exchanged hostile words, and Middleton quickly backed up the truck, running over Brown's foot. Brown then jumped onto the running

board of the truck, and jammed the metal pipe between the steering wheel and the dashboard to prevent Middleton from moving the vehicle any further. With Brown still standing on the running board, Middleton put the truck in forward gear and drove approximately 150 feet until he crashed into a building, pinning Brown between the truck and a wall. After Brown freed himself and fell to the ground, the truck rolled back over his right leg.

At the conclusion of the liability phase of the trial, the jury returned a verdict finding the plaintiff Sam Brown 36% at fault in the happening of the accident, the defendant Middleton 34% at fault, and the third-party defendant Mendon 30% at fault.

The defendants contend, *inter alia*, that they are entitled to judgment as a matter of law or a new trial because Brown's actions were the sole proximate cause of the accident. We disagree. Here, the jury was presented with conflicting testimony as to how the accident occurred and the resolution of that conflicting evidence was part of its fact-finding function (*see, Alterescu v Mills*, 216 AD2d 345; *Salazar v Fisher*, 147 AD2d 470). A fair interpretation of the evidence supports the jury's determination that Middleton was partially at fault in the occurrence of the accident (*see, Cohen v Hallmark Cards*, 45 NY2d 493, 499; *Nicastro v Park*, 113 AD2d 129, 132).

However, we find that the Supreme Court should have granted Mendon's motion for judgment as a matter of law dismissing the third-party complaint. Although the defendants contend that Mendon's negligence contributed to the happening of the accident, there is no evidence to support their claim that the communications system employed by Mendon to advise employees whether drivers were authorized to take trucks from the lot was inadequate, or that any other system would have averted this accident. Moreover, the intervening and unforeseeable actions taken by Brown in his attempt to prevent Middleton from removing the truck effectively broke any causal nexus between Mendon's alleged negligence and Brown's injuries (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308; *George v Rebbe Excavating & Equip. Co.*, 236 AD2d 442; *Falsetta v Ronzoni Foods Corp.*, 234 AD2d 259). We note that a new trial on the issue of apportionment of fault is required because the jury verdict did not separately apportion fault between Sam Brown and Matthew Middleton in the main action, and between Middleton and Mendon in the third-party action.

The defendants further contend that the Supreme Court erred in denying that branch of their motion which was to reduce the award of damages to the plaintiff Sam Brown for

past and future pain and suffering, and in reducing the damages awarded to Lula Brown for loss of services to only $150,000. However, since the appendix filed by the defendants contains no testimony from the damages phase of the trial, we are unable to render an informed determination on the merits of their claims (*see, Cross Westchester Dev. Corp. v Sleepy Hollow Motor Ct.*, 222 AD2d 644; *Di Blasi v Caldara*, 123 AD2d 738). Accordingly, the appeal from that portion of the order is dismissed. Miller, J. P., Ritter, Krausman and Goldstein, JJ., concur.