■ HECTOR MEJIAS et al., Respondents, v RAYMOND LARSEN et al., Appellants. [666 NYS2d 478] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Lerner, J.), dated October 28, 1996, which granted the plaintiffs' motion to set

aside the jury's verdict in favor of the defendants as against the weight of the evidence and ordered a new trial on the issue of liability.

Ordered that the appeal of the defendant Raymond Larsen is dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, so much of the order as set aside the verdict in favor of the defendant Sonia McKenna is vacated, and the verdict in favor of the defendant Sonia McKenna is reinstated; and it is further,

Ordered that the defendant Sonia McKenna is awarded one bill of costs.

The Supreme Court improperly set aside the jury's verdict in favor of the defendant Sonia McKenna (*see,* CPLR 4404; *Cohen v Hallmark Cards,* 45 NY2d 493). Here, the jury "was presented with sharp issues of credibility and the accuracy of the witnesses' testimony was for its determination" (*Albero v Rogers,* 143 AD2d 246, 247; *see, Salazar v Fisher,* 147 AD2d 470). Inasmuch as the jury's verdict in favor of the defendant Sonia McKenna was based upon a fair interpretation of the evidence, it should not have been disturbed (*see, Nicastro v Park,* 113 AD2d 129). On the record presented, the jury properly could have found that the defendant Raymond Larsen's car struck the rear passenger side of the defendant Sonia McKenna's car after the latter had safely changed lanes. Bracken, J. P., O'Brien, Thompson and Altman, JJ., concur.