■ JAMES MANNA, Appellant, v SUSAN HUBBARD, Respondent. (Appeal No. 1.) [678 NYS2d 313] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff commenced this action to recover for personal injuries he sustained when defendant, his girlfriend, backed over him with her van. Plaintiff appeals from a judgment assessing costs and disbursements against him and dismissing the complaint based on a jury verdict finding that defendant was not negligent (appeal No. 1). Plaintiff also appeals from a subsequent order denying his motion to set aside the verdict as contrary to the weight of the evidence (appeal No. 2).

Supreme Court properly denied the motion to set aside the verdict. A verdict should not be set aside as contrary to the weight of the evidence unless it is palpably wrong or irrational (*see, Stangl v Compass Transp.*, 221 AD2d 909), i.e., unless the evidence so preponderates in favor of the moving party that the verdict could not have been reached upon any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746), or unless the verdict is not one that reasonable persons could have rendered after receiving conflicting evidence (*see, Greene v Frontier Cent. School Dist.*, 214 AD2d 947, 948).

This is not a case in which it can be said that the verdict is palpably wrong or irrational. Given the conflicting testimony, the jury reasonably could determine that defendant was not negligent (*see, El-Houayek v Hertz Penske Truck Leasing Corp.*,

233 AD2d 478, 479; *Shachnow v Myers*, 229 AD2d 432, 433; *Briccio v Disbrow*, 212 AD2d 565, 566; *Waugh v Johns*, 206 AD2d 525, 526-527). (Appeal from Judgment of Supreme Court, Erie County, Howe, J.—Negligence.) Present—Denman, P. J., Pine, Wisner, Balio and Fallon, JJ.