■ LOUANA K. BASMA, Appellant, v NICOLE R. FERVAN et al., Respondents. [695 NYS2d 399] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), dated March 11, 1998, which denied her motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendants as against the weight of the evidence.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly denied her motion to set aside the jury verdict finding that the defendants were not negligent. It is well settled that a verdict should not be set aside as against the weight of the evidence unless the evidence preponderates so heavily in favor of the moving party that the verdict could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744; *Calafiura-Ehrlich v Spiros Sys. 40,* 259 AD2d 580; *Nicastro v Park,* 113 AD2d 129). Here, the jury "was presented with sharp issues of credibility and the accuracy of the witnesses' testimony was for its determination" (*Albero v Rogers,* 143 AD2d 246, 247; *see, El-Houayek v Hertz*

*Penske Truck Leasing Corp.*, 233 AD2d 478; *Shachnow v Myers*, 229 AD2d 432, 433). Given the conflicting testimony and the inconsistencies in the plaintiff's version of events, the jury could have fairly concluded that the plaintiff's vehicle was not visible to the defendant Nicole Fervan when Fervan crossed the curved and graded roadway in order to reach the driveway of her residence. Under these circumstances, the verdict finding the plaintiff responsible for the collision, which occurred when Fervan's vehicle was almost entirely in her driveway, was not against the weight of the evidence. S. Miller, J. P., Santucci, Krausman and Florio, JJ., concur.