■ DARREL KIRK, Appellant, v WESTCHESTER COUNTY et al., Respondents. [705 NYS2d 252] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered March 18, 1999, which, upon a jury verdict in favor of the defendants, dismissed the complaint, and (2) an order of the same court entered March 30, 1999, which denied the plaintiff's posttrial motion pursuant to CPLR 4404 to set aside the verdict as contrary to the weight of the evidence and for a new trial.

Ordered that the judgment and the order are affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

It is well settled that a jury's determination should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129, 134). Moreover, it is for the triers of fact to determine the credibility of the witnesses (*see, Delay v Rhinehart,* 176 AD2d 1211). Great deference is accorded to the triers of fact, who had the opportunity to see and hear the witnesses (*see, Salazar v Fisher,* 147 AD2d 470).

While it was undisputed that the bus driven by the defendant driver Darryl D. White hit the plaintiff, the jury could have fairly determined under the circumstances presented that the driver kept a reasonably vigilant lookout for the plaintiff in an attempt to avoid an accident. As the jury's verdict was supported by a fair interpretation of the evidence, the Supreme Court properly denied the plaintiff's motion to set it aside.

The plaintiff's remaining contentions are either unpreserved for appellate review, without merit, or do not require reversal. Ritter, J. P., S. Miller, McGinity and Feuerstein, JJ., concur.