■ LEA CORACI, an Infant, by Her Mother and Natural Guardian, DIANE PEPPACENO, et al., Appellants, v KERRI A. SLAVIN et al., Respondents. [706 NYS2d 339] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Seidell, J.), entered May 4, 1999, which, upon a jury verdict in favor of the defendants, and upon the denial of their posttrial motion pursuant to CPLR 4404 to set aside the verdict as contrary to the weight of the evidence and for a new trial, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

It is well settled that a jury verdict will not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evi-

dence (*see, Nicastro v Park,* 113 AD2d 129, 134). Moreover, it is for the triers of fact to make determinations as to the credibility of the witnesses (*see, Delay v Rhinehart,* 176 AD2d 1211) and great deference is accorded to the triers of fact, who had the opportunity to see and hear the witnesses (*see, Salazar v Fisher,* 147 AD2d 470).

The jury's determination that the defendant Kerri A. Slavin was not negligent in the operation of her vehicle was based upon a fair interpretation of the evidence. The jury could have fairly determined that Slavin had slightly less than two seconds to react from the time the injured plaintiff entered the roadway until she was struck by Slavin's vehicle, and that the light was against the infant plaintiff when she stepped into the roadway. Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.