*331 In an action to recover damages for personal injuries, the defendants appeal (1), as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Schulman, J.), entered February 6, 2002, as, upon a jury verdict on the issue of liability finding the defendant Maria Barretta 40% at fault and the plaintiff 60% at fault in the happening of the accident, and upon a separate jury verdict on the issue of damages, is in favor of the plaintiff and against the defendants in the principal sum of $603,778.40 ($64,104 [40% of $160,260] for past loss of earnings, $126,714.40 [40% of $316,786] for future loss of earnings, $2,160 [40% of $5,400] for past household services, $10,800 [40% of $27,000] for future household services, $160,000 [40% of $400,000] for past pain and suffering, and $240,000 [40% of $600,000] for future pain and suffering) and (2) from an order of the same court dated May 6, 2002, which denied their motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages and for a new trial thereon, and the plaintiff cross-appeals, as limited by her brief, from so much of the judgment as, upon an order of the same court dated December 17, 2001, denying her motion pursuant to CPLR 4404, inter alia, to set aside the jury verdict on liability, in effect, was based upon the jury verdict finding her to be 60% at fault in the happening of the accident.
Ordered that the order is reversed, on the law and as a matter of discretion, without costs or disbursements, the motion is granted, so much of the judgment as awarded damages is vacated, and a new trial is granted on the issue of damages; and it is further,
Ordered that the appeal from the judgment is dismissed as academic, without costs or disbursements; and it is further,
Ordered that the judgment is affirmed as cross-appealed from, without costs or disbursements.
A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (see Nicastro v Park, 113 AD2d 129, 134 [1985]). Moreover, the fact-finding function of the jury and its determination of issues of credibility are accorded great deference (see Murphy v Estate of Vece, 173 AD2d 445 [1991]; Salazar v Fisher, 147 AD2d 470, 471-472 [1989]). The jury finding that the plaintiff was 60% at fault and the defendant Maria Barretta was 40% at fault in the happening of *332 the accident is consistent with a fair interpretation of the evidence and any alleged errors in the liability trial do not require reversal. Consequently, the Supreme Court properly denied the plaintiffs motion to set aside the verdict on liability (see Salazar v Fisher, supra).
We remit the matter for a new trial on damages. Where a judge participates to an unwarranted extent in the cross-examination of a witness, or where a judge’s cross-examination of a witness hints at prejudice, as happened here when the defendants’ expert medical witness testified, the interests of justice require a new trial (see Mantuano v Mehale, 258 AD2d 566, 567 [1999]; Gerichten v Ruiz, 80 AD2d 578 [1981]).
Furthermore, the Supreme Court erred in failing to give a missing witness charge with respect to Dr. Frank J. Cammisa, Jr. The defendants established their entitlement to such a charge (see People v Keen, 94 NY2d 533, 539 [2000]; Chandler v Flynn, 111 AD2d 300 [1985]), in response to which the plaintiff failed to meet her burden of demonstrating that Dr. Cammisa was unavailable or not under her control, or that his testimony would be cumulative (see Price v City of New York, 258 AD2d 635, 636 [1999]; Adkins v Queens Van-Plan, 293 AD2d 503 [2002]).
In addition, the plaintiffs bill of particulars should have been amended to reflect her claim for future loss of earnings.
The parties’ remaining contentions either are without merit or academic in light of our determination. Altman, J.E, Mc-Ginity and Mastro, JJ., concur.