■ Lynn Prucnal, Plaintiff, v DNG Acquisition Group, LLC, Defendant and Third-Party Plaintiff-Respondent. Green-

view Landscape Co., Third-Party Defendant-Appellant. (Appeal No. 1.) [773 NYS2d 640]—

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered October 3, 2002, upon a jury verdict, in favor of third-party plaintiff on liability. The order, insofar as appealed from, directed third-party defendant to pay plaintiff damages pursuant to a settlement agreement.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell in a parking lot owned by defendant-third-party plaintiff, DNG Acquisition Group, LLC (DNG). DNG commenced a third-party action against third-party defendant, Greenview Landscape Co. (Greenview), asserting breach of contract on the ground that Greenview failed to plow the parking lot on the day plaintiff was injured. Pursuant to a settlement agreement, plaintiff agreed to the amount of damages, and a trial was conducted on the issue whether DNG or Greenview was liable to plaintiff for those damages. We reject the contention of Greenview that Supreme Court erred in denying its CPLR 4401 motion seeking to dismiss the third-party complaint. DNG presented evidence that Greenview breached the contract by failing and refusing to plow its parking lot on the day plaintiff was injured, and thus it cannot be said that "there is no rational process by which the fact trier could base a finding in favor of [DNG]" (*Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]). The court also properly determined that the contract is ambiguous with respect to payment for the plowing services inasmuch as the payment provisions are "susceptible of more than one interpretation" (*Chimart Assoc. v Paul,* 66 NY2d 570, 573 [1986]). Thus, the court properly submitted to the jury the issue whether it was reasonable for Greenview to treat its contract with DNG as cancelled based upon DNG's failure to pay three invoices. Finally, we reject Greenview's contention that the verdict is against the weight of the evidence (*see Manna v Hubbard,* 254

AD2d 693 [1998]; *Greene v Frontier Cent. School Dist.*, 214 AD2d 947, 948 [1995]). Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.